# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2450

_____

Maxcie Thomas, III,

  Appellee,

   v.

Captain Houston Talley,
Individually,

  Appellant.

\*
\*
\*
\*
\*  Appeal from the United States
\*  District Court for the Eastern
\*  District of Arkansas.
\*
\*
\*
\*

_____

Submitted: February 16, 2001

Filed: May 25, 2001

_____

Before WOLLMAN, Chief Judge, and BRIGHT and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Arkansas State Police Captain Houston Talley brings this interlocutory appeal from the district court's[1] denial of his motion for summary judgment based on qualified immunity. We dismiss the appeal for lack of jurisdiction.

_____

[1]The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.

I.

Maxcie Thomas, III, who is black, filed a complaint against Captain Talley, his former supervisor, claiming that Captain Talley's recommendation that Mr. Thomas be discharged from the Arkansas State Police violated Title VII of the Civil Rights Act of 1964 (*see* 42 U.S.C. § 2000e through § 2000e-17), 42 U.S.C. § 1981, and 42 U.S.C. § 1983. The district court granted summary judgment to Captain Talley on the Title VII claim, and Mr. Thomas has conceded that the § 1981 claim against Captain Talley cannot succeed because a "federal action to enforce rights under § 1981 against a state actor may only be brought pursuant to § 1983," *Artis v. Francis Howell North Band Booster Association, Inc.*, 161 F.3d 1178, 1181 (8th Cir. 1998).

Mr. Thomas's remaining claim, brought pursuant to § 1983, alleged that Captain Talley violated his right to equal protection because Captain Talley's recommendation that Mr. Thomas be discharged was based on Mr. Thomas's race. When Captain Talley moved for summary judgment based on qualified immunity with respect to this claim, the district court denied the motion because Mr. Thomas had "presented sufficient evidence to establish that a genuine issue of material fact exists as to whether Talley's action against him was discriminatory."

Qualified immunity "shield[s] [government officials] from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known," *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Captain Talley acknowledges that it is a clearly established principle of constitutional law that a government official may not discriminate on the basis of race. *See*, *e.g.*, *Goodwin v. Circuit Court of St. Louis County, Missouri*, 729 F.2d 541, 546 (8th Cir. 1984). He argues, however, that he is entitled to qualified immunity because, contrary to the district court's ruling, Mr. Thomas "offered insufficient evidence ... to substantiate" his claim of intentional discrimination and because the evidence shows that Captain Talley's recommendation

that Mr. Thomas be discharged was "reasonable and lawful." Captain Talley contends, therefore, that he did not violate clearly established constitutional law.

## II.

We address first a preliminary issue of law raised at oral argument, namely, whether a defendant's intent to discriminate should be considered at all in determining his or her right to qualified immunity. Before the Supreme Court decided *Harlow*, government officials were not shielded by qualified immunity if they acted with malicious intent by knowingly violating a plaintiff's constitutional rights or by intending to injure the plaintiff. *See Harlow*, 457 U.S. at 815. In *Harlow*, *see id.* at 817-19, however, the Court held that a government official's subjective state of mind would no longer be relevant to a qualified immunity inquiry: If the official's conduct did not violate clearly established federal law, then the official would be entitled to qualified immunity. *See also Anderson v. Creighton*, 483 U.S. 635, 641 (1987).

The Supreme Court has recently made it clear, however, that the subjective intent that *Harlow* eliminated from consideration differs from intent that is "an essential component of [a] plaintiff's affirmative case," *Crawford-El v. Britton*, 523 U.S. 574, 589 (1998). In considering a qualified immunity defense, a court cannot disregard evidence of the intent that is an element of the plaintiff's case because if it did so the plaintiff could not show that the defendant violated clearly established law. *See id.* at 589 n.11. Because evidence of improper motive is an essential component of Mr. Thomas's affirmative case, we conclude that when ruling on Captain Talley's motion for summary judgment based on qualified immunity, the district court was indeed required to consider the evidence of Captain Talley's intent to discriminate.

## III.

Although Mr. Thomas did not raise the question of our jurisdiction over this appeal, we have an independent duty to consider it nonetheless. *See Arnold v. Wood*, 238 F.3d 992, 994 (8th Cir. 2001). Our jurisdiction over an interlocutory appeal from

3

a denial of qualified immunity depends upon the issues that the appeal raises. We have jurisdiction over an order denying summary judgment based on qualified immunity when the issue on appeal "turns on a legal determination [of] whether certain facts show a violation of clearly established law," *Hunter v. Namanny*, 219 F.3d 825, 829 (8th Cir. 2000). "[A]bstract issues of law," *Johnson v. Jones*, 515 U.S. 304, 317 (1995), regarding the denial of qualified immunity are immediately appealable.

We believe that we lack jurisdiction over this interlocutory appeal. In *Johnson*, *id.* at 319-20, the Supreme Court held that "a defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." By challenging the district court's finding of the sufficiency of the evidence with respect to whether he intentionally discriminated against Mr. Thomas, a question of fact, *see Anderson v. Bessemer City, North Carolina*, 470 U.S. 564, 573 (1985), Captain Talley is asking us to engage in the time-consuming task of reviewing a "factual controvers[y] about ... intent," *Johnson*, 515 U.S. at 316. This is precisely the type of controversy that the Court concluded should not be subject to interlocutory appeal because such an issue "may seem nebulous" before trial, and because an appellate court's determination of whether there is a "triable issue of fact about such a matter -- may require reading a vast pretrial record," *id.* The Court concluded that "considerations of delay, comparative expertise of trial and appellate courts, and wise use of appellate resources argue in favor of limiting interlocutory appeals of 'qualified immunity' matters to cases presenting more abstract issues of law," *id.* at 317.

In *Behrens v. Pelletier*, 516 U.S. 299, 313 (1996), quoting *Johnson*, 515 U.S. at 317, the Supreme Court reiterated that "summary judgment determinations *are* appealable when they resolve a dispute concerning an 'abstract issu[e] of law' relating to qualified immunity ... typically, the issue whether the federal right allegedly infringed was 'clearly established' " (emphasis in original). The Court also explained that "*Johnson* held, simply, that determinations of evidentiary sufficiency at summary

4

judgment are not immediately appealable merely because they happen to arise in a qualified-immunity case," *Behrens*, 516 U.S. at 313, and here Captain Talley is relying on his qualified immunity defense to seek interlocutory review of the district court's determination of evidentiary sufficiency.

The Supreme Court has repeatedly "rejected the argument that the policies behind the immunity defense justify interlocutory appeals on questions of evidentiary sufficiency," *Crawford-El*, 523 U.S. at 595. Although Captain Talley seeks to frame the issues that he raises on appeal in terms of qualified immunity, he is simply arguing that the district court erred in concluding that Mr. Thomas offered sufficient evidence to create a material issue of fact with respect to whether Captain Talley engaged in intentional discrimination. We have no jurisdiction over this question. *See*, *e.g.*, *Koch v. Rugg*, 221 F.3d 1283, 1297-98 (11th Cir. 2000) (appellate court lacked jurisdiction over appeal of denial of qualified immunity based on lack of evidence of racially discriminatory intent); *Acevedo-Garcia v. Vera-Monroig*, 204 F.3d 1, 12 (1st Cir. 2000) (evidence relating to the defendants' motivation in terminating plaintiffs is factual matter and thus cannot form basis for appeal from denial of summary judgment); and *Kimberlin v. Quinlan*, 199 F.3d 496, 503-04 (D.C. Cir. 1999), *cert. denied*, 121 S. Ct. 172 (2000) (where intent is "part and parcel" of plaintiff's claim, if district court denies summary judgment based on issue of intent, denial is not subject to immediate appeal).

## IV.

Accordingly, we dismiss the appeal for lack of jurisdiction, and we remand the case to the district court for further proceedings.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.