# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2044

_____

Gary V. Austin

*Plaintiff - Appellee*

v.

Fletcher Long, in his individual and official capacity as Prosecuting Attorney for
the First Judicial District for the State of Arkansas

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Helena

_____

Submitted: January 14, 2015
Filed: February 23, 2015

_____

Before LOKEN, MURPHY, and MELLOY, Circuit Judges.

_____

MURPHY, Circuit Judge.

Gary Austin brought this employment discrimination suit under 42 U.S.C.
§§ 1981 and 1983 against Fletcher Long, the head prosecutor for an Arkansas judicial
district. Austin is an African American who alleges that Long fired him because of
his race. Long moved for summary judgment based on qualified immunity. The

district court[1] denied the motion, concluding that the undisputed summary judgment record gave rise to disputes of material fact over whether Long's stated reasons for firing Austin were a pretext for racial discrimination. Long appeals, and we affirm.

Long is the elected head prosecutor for the first judicial district of Arkansas. He supervises deputy prosecutors who represent the state in each of the district's six counties. In January 2006, Long hired Austin as the second deputy prosecutor for Phillips County. The prosecutor Long had previously hired for that position was African American, as was the prosecutor Long eventually hired to replace Austin. As a deputy Austin handled misdemeanor cases and assisted with felony cases for Long and Todd Murray, the county's senior deputy prosecutor.

The undisputed record establishes that Austin and Murray disagreed over how they should allocate the county funds they received to cover their operation expenses. The county provided both prosecutors with a monthly check for expenses. Long and Murray agreed that Austin should contribute his expense check to Murray, who would then pay the office expenses. Austin failed to contribute any operating expenses for four separate months, however, even after Long expressly told him to follow Murray's directions regarding the funds.

According to Long, Murray reported several other problems with Austin's job performance, all of which Austin disputes. Long asserts that Murray and other court personnel had trouble contacting Austin during business hours, that Austin deviated from office policy on felony bond reduction orders and expungement orders, and that Austin incurred extraordinary expenses without prior approval. In addition, an Arkansas judge was said to have reportedly contacted Long to ask why Austin had failed to appear in court.

---

[1] The Honorable Robert T. Dawson, United States District Judge for the Eastern District of Arkansas.

Austin contends that Long never provided him with a formal evaluation outlining any of these problems in either oral or written form. Austin had met with Long in August 2011, and Long reportedly asked him about the problems Murray had identified. After Austin offered no explanation, Long fired him. Austin contends that Long never explained to him why he was fired.

Austin filed an employment discrimination action against Long under 42 U.S.C. §§ 1981 and 1983, seeking money damages and reinstatement. He alleges that Long fired him because of his race and treated him more harshly than two similarly situated white prosecutors. One of those prosecutors had been convicted of driving while intoxicated, and the other had been sanctioned by the Arkansas professional conduct committee for an ethical violation in his private practice. Long had not fired either of those prosecutors despite their violations.

Long moved for summary judgment based on qualified immunity, arguing that no reasonable jury could find a constitutional violation and that no reasonable official in Long's position would have known that his actions violated Austin's right to be free from racial discrimination. The district court denied Long qualified immunity, and Long filed this interlocutory appeal.

We must "first address our jurisdiction" to review an interlocutory appeal from the denial of a motion for summary judgment. White v. McKinley, 519 F.3d 806, 812 (8th Cir. 2008). Summary judgment "determinations are appealable when they resolve a dispute concerning an abstract issue of law relating to qualified immunity—typically, the issue whether the federal right allegedly infringed was clearly established." Behrens v. Pelletier, 516 U.S. 299, 313 (1996). A district court's summary judgment order denying qualified immunity may not be appealed "insofar as [it] determines whether or not the pretrial record sets forth a genuine issue of fact for trial." Johnson v. Jones, 515 U.S. 304, 319–20 (1995). This court does not have jurisdiction to consider the appeal if "at the heart of the argument is a dispute of fact."

-3-

Pace v. City of Des Moines, 201 F.3d 1050, 1053 (8th Cir. 2000). Even "if a defendant frames an issue in terms of qualified immunity, we should determine whether he is simply arguing that the plaintiff offered insufficient evidence to create a material issue of fact." White, 519 F.3d at 813.

Here, Long argues that "Austin did not put forth sufficient evidence to demonstrate that Long's decision to terminate his employment was motivated by any racial animus," so the district court erred in finding a dispute of material fact over whether Long's stated reasons for firing Austin were a pretext for racial discrimination. By "challenging the district court's finding of the sufficiency of the evidence," Long is "asking us to engage in the time-consuming task of reviewing a factual controversy about intent." Thomas v. Talley, 251 F.3d 743, 746 (8th Cir. 2001). This is "precisely the type of controversy that the [Supreme] Court concluded should not be subject to interlocutory appeal" because of unnecessary delay, the "comparative expertise of trial and appellate courts, and wise use of appellate resources." Id. (quoting Johnson, 515 U.S. at 317). We conclude that we lack jurisdiction to consider Long's sufficiency of the evidence challenge to the district court's findings on pretext. See id.

To the extent that Long challenges the district court's interpretations of law, we review them de novo. See Jones v. McNeese, 746 F.3d 887, 894 (8th Cir.), cert. denied, 135 S. Ct. 688 (2014). Long is not entitled to qualified immunity if Austin establishes that Long violated his clearly established constitutional rights. See Nelson v. Shuffman, 603 F.3d 439, 446 (8th Cir. 2010). Austin asserts that Long violated his clearly established right to be free from racial discrimination in the workplace. Austin supports this assertion by offering evidence that Long treated him differently from similarly situated coworkers, thus proving that Long's stated reasons for firing him were a pretext for racial discrimination. See Bone v. G4S Youth Servs., LLC, 686 F.3d 948, 955 (8th Cir. 2012).

Long argues that the district court erred in interpreting the law by focusing on whether his decision to fire Austin was a pretext for racial discrimination. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 804 (1973). The district court correctly stated, however, that Austin could demonstrate a triable issue of fact concerning pretext by showing that he was treated differently than "other employees [who] were similarly situated in all relevant respects." Ridout v. JBS USA, LLC, 716 F.3d 1079, 1085 (8th Cir. 2013). Long asserts that the employees here were not similarly situated because their misconduct was of a different nature, but the "similarly situated coworker inquiry is a search for a substantially similar employee, not for a clone." Id. Coworkers can be similarly situated in all relevant respects if their misconduct is comparable to or "more serious than that of the plaintiff." Id. The district court did not err in concluding that the conduct of prosecutors who had been convicted for driving under the influence and who had been formally sanctioned for ethics violations was comparable to or more serious than Austin's failure to contribute funds to his operational expense account—his only misconduct established by the undisputed summary judgment record here. See id.

Long also argues that Austin failed to allege the violation of a clearly established constitutional right. We have observed, however, that the constitutional right to be free from "invidious discrimination is so well established and so essential to the preservation of our constitutional order that all public officials must be charged with knowledge of it." Goodwin v. Circuit Court of St. Louis Cnty., 729 F.2d 541, 546 (8th Cir. 1984). The district court thus appropriately concluded that Austin had alleged the violation of his clearly established constitutional right to be free from employment discrimination, and it did not err in finding a triable issue of fact on whether Long's stated reasons for firing Austin were a pretext for racial discrimination.

For these reasons we affirm the order of the district court.

_____