# United States Court of Appeals
### For the Eighth Circuit

_____

No. 14-2151

_____

Christopher Franklin

*Plaintiff - Appellee*

v.

Jeffrey Young

*Defendant - Appellant*

Charles L. Mosley; Jeremiah W. Nixon; George A. Lombardi; Tom Villmer; Tom
L. King; James O. Reed; Allen Luebbers; Michael White; Dennis Mayberry; Larry
Bayyon; John/Jane Doe One; John/Jane Doe Two; John/Jane Doe Three;
John/Jane Doe Four

*Defendant*s

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: March 10, 2015
Filed: June 25, 2015

_____

Before MURPHY and SHEPHERD, Circuit Judges, and BROOKS,[1] District
Judge.

------

[1]The Honorable Timothy L. Brooks, United States District Judge for the
Western District of Arkansas, sitting by designation.

_____

BROOKS, District Judge.

Christopher Franklin claims that Jeffrey Young, an assistant caseworker at the facility where Franklin was incarcerated, violated the Eighth Amendment by failing to protect him from sexual assault by another inmate. Specifically, Franklin alleges that Young was deliberately indifferent to a substantial risk that he would be sexually assaulted by inmate Charles Mosley. Young moved for summary judgment on the ground of qualified immunity. The district court[2] denied Young's motion for summary judgment, holding that factual disputes prevented the court from determining whether Young violated Franklin's rights under the Eighth Amendment. Young filed this interlocutory appeal, arguing that the district court erred in denying him qualified immunity on these facts because there was no evidence that Franklin faced a substantial risk of harm while incarcerated or that Young was deliberately indifferent to Franklin's safety.

When reviewing an interlocutory appeal from the denial of a motion for summary judgment, we must first address our jurisdiction. Austin v. Long, 779 F.3d 522, 524 (8th Cir. 2015) (citing White v. McKinley, 519 F.3d 806, 812 (8th Cir. 2008)). "Summary judgment determinations are appealable when they resolve a dispute concerning an abstract issue of law relating to qualified immunity—typically, the issue whether the federal right allegedly infringed was clearly established." Id. (citing Behrens v. Pelletier, 516 U.S. 299, 313 (1996)). However, a district court's summary judgment order denying qualified immunity may not be appealed "insofar as [it] determines whether or not the pretrial record sets forth a genuine issue of fact for trial." Id. (citing Johnson v. Jones, 515 U.S. 304, 319–20 (1995)). "This court

_____

[2]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

does not have jurisdiction to consider an interlocutory summary-judgment qualified-immunity appeal if at the heart of the argument is a dispute of fact." White, 519 F.3d at 812-13 (citing Pace v. City of Des Moines, 201 F.3d 1050, 1053 (8th Cir. 2000)). "Even if a defendant frames an issue in terms of qualified immunity, we should determine whether he is simply arguing that the plaintiff offered insufficient evidence to create a material issue of fact." Id. (internal citation omitted).

Essentially, Young argues that the district court erred in finding a genuine dispute of material fact over whether he violated Franklin's Eighth Amendment rights. By challenging the district court's finding on sufficiency of the evidence, Young is "asking us to engage in the time-consuming task of reviewing a factual controversy about intent." Austin, 779 F.3d at 524. This is "precisely the type of controversy that the [Supreme] Court concluded should not be subject to interlocutory appeal" because of unnecessary delay, the "comparative expertise of trial and appellate courts, and wise use of appellate resources." Id. (quoting Johnson, 515 U.S. at 317).

For these reasons, we lack jurisdiction to consider whether the pretrial record sets forth a genuine issue of material fact, and therefore this appeal is dismissed .

_____