# United States Court of Appeals
## For the Eighth Circuit

———————————————————

No. 21-3504

———————————————————

Essence Welch,

*Plaintiff - Appellee,*

v.

Daniel Dempsey, individually and in his official capacity as a law enforcement
officer of the Des Moines, Iowa Police Department,

*Defendant - Appellant.*

——————————

Appeal from United States District Court
for the Southern District of Iowa - Central

——————————

Submitted: September 22, 2022
Filed: October 20, 2022

——————————

Before COLLOTON, WOLLMAN, and STRAS, Circuit Judges.

——————————

COLLOTON, Circuit Judge.

Essence Welch sued police officer Daniel Dempsey under 42 U.S.C. § 1983
after Dempsey deployed pepper spray in Welch's face. The district court[*] concluded

———————————————————

[*]The Honorable Stephanie M. Rose, Chief Judge, United States District Court
for the Southern District of Iowa.

that Welch was engaged in protest activity protected by the First Amendment, and that there was sufficient evidence for a reasonable jury to find that Dempsey used force against Welch because she exercised her constitutional right to freedom of speech. Dempsey appeals, and argues that he is entitled to qualified immunity from suit, but we conclude that there is no reversible error.

Welch participated in protest activities in downtown Des Moines on the evening of May 30, 2020, in the aftermath of the death of George Floyd in Minneapolis. At one point, protestors threw rocks at an historic county courthouse and broke glass. Welch was near that scene, recording the events on her cellular phone.

The incident in question occurred about thirteen minutes later, after Welch had moved across the street to the vicinity of a different courthouse facility. Welch was then broadcasting a video of events taking place in front of the second courthouse building. According to the facts assumed by the district court, no property damage was occurring at the time of the incident, and much of an erstwhile crowd had migrated away from the courthouse.

Welch was standing "before" a scrimmage line of police officers who were protecting the courthouse, and she was located on the "edge" of the line. Video evidence confirms that Welch was standing on a public sidewalk several feet away from a line of officers—forward and to the right of the line from the perspective of the officers. *See Scott v. Harris*, 550 U.S. 372, 380-81 (2007).

Dempsey arrived behind the police line in an armored vehicle, walked around a group of officers who were taking no action against Welch, approached Welch while she was live-streaming the events, and sprayed her in the face with a chemical agent. Dempsey gave no warning to Welch, and he was on the scene for only twelve seconds before he deployed force.

-2-

To establish a violation of the First Amendment based on the retaliatory use of force, a plaintiff must show that (1) she engaged in protected activity, (2) the officer used force that would chill a person of ordinary firmness from continuing the protected activity, and (3) the use of force was motivated by the exercise of the protected activity. *Peterson v. Kopp*, 754 F.3d 594, 602 (8th Cir. 2014). When a claim alleges a retaliatory arrest, which is not the assertion here, a plaintiff also must show as a general matter that the officer acted without probable cause to arrest. *Nieves v. Bartlett*, 139 S. Ct. 1715, 1723 (2019).

The district court denied Dempsey's motion for summary judgment on the claim that he used force against Welch in retaliation for her exercise of rights under the First Amendment. The court concluded that Welch was exercising her right to protest discriminatory policing and was engaged in protected activity when Dempsey used force against her. The court further reasoned that Dempsey's action would chill a person of ordinary firmness from continuing her protected activity.

On the question of motive, the court determined based on the circumstantial evidence that a reasonable jury could find that Welch's exercise of her First Amendment rights was the but-for cause of Dempsey's use of force. In a footnote, the court noted that Dempsey's motion made "a passing reference that 'at minimum' he is entitled to qualified immunity," and concluded that the law was clearly established that retaliation for protected speech offends the Constitution. *See Crawford-El v. Britton*, 523 U.S. 574, 588 n.10 (1988).

On appeal, Dempsey's principal argument is that his use of force was not motivated by Welch's exercise of constitutional rights, but rather by Welch's actions in the wake of riotous activity that occurred earlier in the evening. He contends that he would have taken the same action against Welch regardless of her protected speech. Dempsey asserts that the district court's conclusion that a jury could find to

the contrary was based on "speculation," and that he is therefore entitled to qualified immunity.

We lack jurisdiction to consider this contention because it concerns a matter of evidence sufficiency. *Johnson v. Jones*, 515 U.S. 304, 313 (1995). In an interlocutory appeal raising a defense of qualified immunity, this court has jurisdiction to address only an order deciding a purely legal issue of whether the facts alleged by a plaintiff show a violation of clearly established law. By contrast, an order deciding which facts a party may, or may not, be able to prove at trial is not a final decision that may be appealed. The district court's determination that a reasonable jury could find that Dempsey acted with retaliatory motive is a matter of evidence sufficiency that is not appealable at this juncture. Of course, Dempsey may advance his position regarding motivation before a jury, and in post-trial motions or a post-judgment appeal as warranted, but we lack jurisdiction to conduct the suggested review in this interlocutory appeal. *See Riggs v. Gibbs*, 923 F.3d 518, 524 (8th Cir. 2019); *Austin v. Long*, 779 F.3d 522, 524 (8th Cir. 2015); *Bearden v. Lemon*, 475 F.3d 926, 930 (8th Cir. 2007); *Schilcher v. Univ. of Ark.*, 387 F.3d 959, 966 (8th Cir. 2004); *Thomas v. Talley*, 251 F.3d 743, 747 (8th Cir. 2001).

Dempsey also maintains that there was "arguable probable cause demonstrating Welch was interfering with the officers' duties in coming within the police line." This argument, too, founders on a jurisdictional limitation. The district court assumed, consistent with video evidence, that Welch was positioned "before" the police line. Dempsey's argument that Welch was "within" the police line, and thereby "interfering" with officers, seeks to challenge the district court's factual assumption that Welch was *not* within the police line. We lack jurisdiction to consider that question of evidence sufficiency. *Johnson*, 515 U.S. at 313.

Dempsey's argument based on "arguable probable cause" fails for other reasons as well. Probable cause is a constitutional standard under the Fourth

Amendment that must be satisfied in order to conduct a search or seizure. Dempsey does not argue that this case involves a search or seizure, and he does not explain why the asserted existence of "arguable probable cause" would be dispositive as a matter of law on a claim alleging retaliatory use of force in violation of the First Amendment. His cited authorities concern seizures: a claim of retaliatory arrest under the First Amendment, *Just v. City of St. Louis*, 7 F.4th 761, 768-69 (8th Cir. 2021), and an allegation of unreasonable seizure under the Fourth Amendment, *Peterson*, 754 F.3d at 598. *Nieves* held that a First Amendment retaliatory arrest claim should not turn solely on the personal motive of the arresting officer, explaining that "[i]n the Fourth Amendment context," the Court has "almost uniformly rejected invitations to probe subjective intent." 139 S. Ct. at 1724 (internal quotation omitted). But if there is an argument for extending the *Nieves* no-probable-cause requirement beyond a claim of retaliatory Fourth Amendment seizure, for which the most analogous common law tort is false imprisonment or malicious prosecution, then Dempsey has not presented it.

Nor does Dempsey, having conceded in the district court that there was no probable cause to arrest Welch, identify any law that she was arguably violating when he pepper-sprayed her in the face. He suggests only that persons other than Welch took part in a "riot" at an earlier time, *see* Iowa Code § 723.1, and that protestors arguably engaged in an "unlawful assembly" involving three or more persons, *see* Iowa Code § 723.2. When Dempsey used force against Welch, however, she was standing alone on a public sidewalk streaming a live video on her phone. Dempsey did not, during the twelve seconds that he was on the scene, develop arguable probable cause that Welch was rioting or engaged in an unlawful assembly under Iowa law. Dempsey's arguments thus do not undermine the district court's conclusion that Welch's right to be free from a retaliatory use of force was clearly established at the time of the incident. *See Peterson*, 754 F.3d at 603; *Quraishi v. St. Charles Cty.*, 986 F.3d 831, 839 (8th Cir. 2021); *Baribeau v. City of Minneapolis*, 596 F.3d 465, 481 (8th Cir. 2010).

For these reasons, the order of the district court denying qualified immunity on Welch's claim alleging retaliatory use of force in violation of the First Amendment is affirmed.

_____