# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3514
_____

Alison Dreith

*Plaintiff - Appellee*

v.

City of St. Louis, Missouri

*Defendant - Appellant*

John Doe, in his or her individual and official capacities

*Defendant*

Lt. Scott Boyher, in his individual capacity

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: September 21, 2022
Filed: December 15, 2022

_____

Before COLLOTON, WOLLMAN, and STRAS, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Police Lieutenant Scott Boyher deployed pepper spray into Alison Dreith's face, during a protest in St. Louis, Missouri. Dreith sued Boyher and the City of St. Louis, alleging, as relevant here, federal claims under 42 U.S.C. § 1983 for retaliatory use of force in violation of the First Amendment, as well as tort claims under Missouri law. The district court denied Boyher's motion for summary judgment based on his defenses of qualified and official immunity and reserved ruling on whether the City is entitled to sovereign immunity on the state tort claims. We affirm the denial of summary judgment as to Boyher, vacate, in part, the denial of summary judgment to the City, and remand the case for further proceedings.

On September 15, 2017, former police officer Jason Stockley was acquitted of charges arising from the death of Anthony Lamar Smith. Protestors gathered in downtown St. Louis after the verdict was announced. Around noon, protestors moved to the intersection of Tucker Boulevard and Clark Avenue.

The St. Louis Police Department had staged its Civil Disobedience Teams (CDT) at the police academy, which is located on Tucker Boulevard, just south of Clark Avenue. Commanding officers decided to remove the CDT officers from the police-academy location and sent buses to retrieve the officers. Protestors surrounded the buses after the officers broke their lines and began embarking. According to Dreith, some protestors threw empty water bottles, which bounced off the buses without causing damage. The defendants maintain that the protestors were violent, threw rocks and bottles at the buses and the officers, and broke at least one bus window.

The Bicycle Response Team (BRT), with Boyher in command, was summoned to help the buses depart. The BRT attempted to strike a wedge formation in its effort to clear a lane for the buses. According to Boyher, protestors had locked arms and

-2-

refused to move; some had grabbed officers' bicycles. Dreith countered that protestors did not grab officers' bicycles and that the peaceful protest became chaotic only after the BRT arrived.

As Dreith walked from City Hall toward Tucker Boulevard at approximately 1:00 p.m., she observed an officer hitting a woman with his bicycle and saw a protestor being pepper-sprayed. She came within "a couple of feet" of an officer. Immediately thereafter and without warning, Boyher pepper-sprayed Dreith. Boyher testified that Dreith had been fighting with the BRT officers and trying to prevent them from reaching the buses. He claimed that he pepper-sprayed Dreith after seeing her grab and hold onto an officer's bicycle. Bystanders helped Dreith, guiding her to the sidewalk and washing out her eyes. Dreith was not arrested.

Dreith filed suit in federal district court, claiming that Boyher had violated her Fourth Amendment right to be free from excessive force and that he had pepper-sprayed her in retaliation for the exercise of her First Amendment rights. She alleged that the violation of her constitutional rights resulted from the City's failure to adequately train or supervise its officers. See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978). She also alleged that the defendants committed the torts of battery and negligent infliction of emotional distress.

The district court granted summary judgment to the defendants on Dreith's § 1983 Fourth Amendment claims. With respect to the § 1983 First Amendment retaliatory use-of-force claim and the state tort claims against Boyher, the court found that a genuine dispute of material fact precluded the grant of summary judgment based on qualified or official immunity grounds. The court concluded that Dreith had presented evidence sufficient to allow a jury to find that the City's failure to train or supervise resulted in the First Amendment violation. Because the City was not entitled to summary judgment on the federal claim and thus remained a defendant, the court chose to reserve its ruling on whether the City was entitled to sovereign

immunity on the state tort claims. Boyher and the City appeal from the partial denial of summary judgment.

Our jurisdiction over this interlocutory appeal is limited to "abstract issues of law" and does not extend to the "determination that the evidence is sufficient to permit a particular finding of fact after trial." Johnson v. Jones, 515 U.S. 304, 314, 317 (1995). Accordingly, we accept as true the facts that the district court found were adequately supported, as well as the facts that the district court likely assumed, to the extent they are not "blatantly contradicted by the record." Thompson v. Murray, 800 F.3d 979, 983 (8th Cir. 2015) (quoting Scott v. Harris, 550 U.S. 372, 380 (2007)). We review *de novo* the denial of qualified or official immunity-based summary judgment. Quraishi v. St. Charles Cnty., 986 F.3d 831, 835 (8th Cir. 2021).

Boyher argues that he is entitled to qualified immunity on Dreith's claim that he used force against her in retaliation for her exercise of her First Amendment rights. Qualified immunity shields government officials from suit in a § 1983 action unless their conduct violates a clearly established statutory or constitutional right of which a reasonable official would have known. Id.

> To establish a violation of the First Amendment based on the retaliatory use of force, a plaintiff must show that (1) she engaged in protected activity, (2) the officer used force that would chill a person of ordinary firmness from continuing the protected activity, and (3) the use of force was motivated by the exercise of the protected activity.

Welch v. Dempsey, 51 F.4th 809, 811 (8th Cir. 2022) (citing Peterson v. Kopp, 754 F.3d 594, 602 (8th Cir. 2014)). The district court concluded that there was a genuine dispute of material fact regarding whether Dreith engaged in protected activity and whether Boyher's use of force against her resulted from her engagement in that activity.

Boyher contends that his use of force did not violate Dreith's First Amendment rights because he had arguable probable cause to deploy pepper spray. His contention is based on evidence that Dreith was walking near officers during "a violent protest," in which "other protestors [were] physically confronting BRT officers by grabbing their bicycles." Appellants' Br. 18. During oral argument, defense counsel further explained that Dreith had grabbed an officer's bicycle. When asked to assume that Dreith had not done so, counsel contended that Dreith had not complied with orders to back away from the BRT officers.

In claiming that he had arguable probable cause to pepper-spray Dreith because she grabbed an officer's bike or failed to comply with police orders, Boyher "challenges the district court's conclusions regarding evidence sufficiency and the genuineness of factual dispute—conclusions that we have no jurisdiction to review." Thompson, 800 F.3d at 983; see Welch, 51 F.4th at 812 ("[A]n order deciding which facts a party may, or may not, be able to prove at trial is not a final decision that may be appealed."). Dreith testified that the protest was nonviolent, that she was complying with the law, that the protestors were not grabbing officers' bicycles, and that she did not hear any orders or warnings before Boyher pepper-sprayed her. Assuming then, as the district court did, that Dreith was "moving to rejoin peaceful protestors when Defendant Boyher assaulted her without warning and without cause," D. Ct. Order of Sept. 13, 2021, at 7–8, she neither physically engaged with officers nor failed to comply with police orders. Boyher has identified no law that Dreith was arguably violating, if we assume that she was merely participating in a peaceful protest and had come within a couple feet of an officer.[1]

---

[1]See Welch v. Dempsey, 51 F.4th 809, 812–13 (8th Cir. 2022), for additional reasons for rejecting Boyher's "arguable probable cause" argument. While a retaliatory arrest claim requires a showing that the officer acted without probable cause or arguable probable cause to arrest, no such claim is at issue here. See id. at 811 (citing Nieves v. Bartlett, 139 S. Ct. 1715, 1723 (2019)).

Boyher contends that at the time he pepper-sprayed Dreith, it was "not clearly established that a use of force that does not violate the Fourth Amendment violates the First Amendment." Appellants' Br. 20. Boyher forfeited this argument by failing to raise it in the district court. In any event, the argument does not undermine the district court's conclusion that Dreith's right to be free from a retaliatory use of force was clearly established at the time of the incident. D. Ct. Order of Sept. 13, 2021, at 8 n.7 (citing Quraishi, 986 F.3d at 838); see Welch, 51 F.4th at 813; Peterson, 754 F.3d at 603; Baribeau v. City of Minneapolis, 596 F.3d 465, 481 (8th Cir. 2010).

Turning to Dreith's claims of battery and negligent infliction of emotional distress, we consider whether Boyher is entitled to official immunity, which, "like qualified immunity, is a threshold issue and subject to interlocutory appellate review." N.S. v. Kan. City Bd. of Police Comm'rs, 933 F.3d 967, 970 (8th Cir. 2019); see State ex rel. Mo. Dep't of Agric. v. McHenry, 687 S.W.2d 178, 181 (Mo. banc 1985). Official immunity protects officers from suit over their discretionary acts, unless those acts were performed "in bad faith or with malice." Torres v. City of St. Louis, 39 F.4th 494, 508 (8th Cir. 2022) (citation omitted).

Boyher argues that Dreith cannot show bad faith or malice because he used force only after she had grabbed an officer's bicycle during a dangerous and chaotic situation, again recounting disputed facts in his favor. The district court determined that Dreith had presented sufficient evidence that "Boyher acted in bad faith or with malice when he applied pepper spray directly into Plaintiff's face without warning, when she was merely walking to join protestors and not engaged in any unlawful acts." D. Ct. Order of Sept. 13, 2021, at 16. We are without jurisdiction to consider this claim of evidence insufficiency. See Torres, 39 F.4th at 508 ("As with qualified immunity, our jurisdiction is limited to issues of law, and this argument is, again, essentially one of sufficiency of the evidence.").

Finally, the City claims that it is entitled to sovereign immunity, an issue upon which the district court reserved ruling. We have jurisdiction over the City's interlocutory appeal because a decision to forgo ruling on immunity is effectively unreviewable after the defendant has had to proceed to trial. See Payne v. Britten, 749 F.3d 697, 700 (8th Cir. 2014) ("[A] refusal to rule on qualified immunity is effectively unreviewable on appeal because once the defendant has had to proceed to trial, he or she has lost the benefit of qualified immunity, that is, the entitlement to be free from suit." (quoting Parton v. Ashcroft, 16 F.3d 226, 228 (8th Cir. 1994)). We thus vacate the denial of summary judgment on the state tort claims and instruct the district court on remand to reach the merits of the sovereign immunity issue. See id. at 701 (exercising jurisdiction "to compel the district court to decide the qualified immunity question"); see also Torres, 39 F.4th at 508–10 (addressing the City of St. Louis's appeal from the denial of sovereign immunity).

We affirm the district court's order denying Boyher qualified immunity on Dreith's First Amendment claim of the retaliatory use of force. We also affirm the denial of official immunity on Dreith's state tort claims. We vacate, in part, the district court's order denying summary judgment to the City and remand the matter with instructions that the district court decide whether the City is immune from suit.

_____