# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3617

_____

| | | |
|---|---|---|
| Kenneth Rohrbough, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Luther Hall; Anna Kimble; Mary | * | Appeal from the United States |
| Nelson, Board of Police | * | District Court for the |
| Commissioners for the City of St. Louis;* | Eastern District of Missouri. |
| Susan Rollins, Board of Police | * | |
| Commissioners for the City of St. Louis;* | |
| Bartholomew Saracino, Board of Police | * | |
| Commissioners for the City of St. Louis | * | |
| Francis Slay, Board of Police | * | |
| Commissioners for the City of St. Louis;* | |
| Mark Smith, Board of Police | * | |
| Commissioners for the City of St. Louis,* | |
| | * | |
| Appellants. | * | |

_____

Submitted:  September 24, 2009
Filed: November 9, 2009 **(Corrected 11/12/09)**

_____

Before BYE, ARNOLD, and SMITH, Circuit Judges.

_____

ARNOLD, Circuit Judge.

Kenneth Rohrbough brought an action under 42 U.S.C. § 1983 and Missouri law against St. Louis police officers Luther Hall and Anna Kimble, as well as the members of the St. Louis Board of Police Commissioners. Mr. Rohrbough sought damages under § 1983 based on claims that Officers Hall and Kimble used excessive force against him, failed to intervene, unlawfully seized him without probable cause, and conspired to violate his civil rights and that the Board failed to instruct, supervise, discipline, and otherwise control their subordinate officers, all in violation of the fourth and fourteenth amendments. *See* U.S. Const. amends. IV, XIV. Mr. Rohrbough also brought state law tort claims against the officers.

The defendants moved for summary judgment contending, *inter alia*, that the officers were entitled to qualified immunity. The district court[1] granted the motion in part but, as relevant here, denied summary judgment as to the excessive force claim against Officer Hall and the failure to supervise claim against the Board. In this interlocutory appeal, the defendants maintain that the district court should have granted Officer Hall qualified immunity on Mr. Rohrbough's excessive force claim and should have granted summary judgment to the Board on the related claim that the Board's failure to supervise caused the officer to use excessive force. (Although Officer Kimble is named in the notice of appeal, she has not raised any issues before this court.)

Initially, the defendants assert that the district court erred by considering portions of Mr. Rohrbough's deposition testimony that contradicted his earlier sworn testimony. For purposes of summary judgment, however, we resolve any conflicting testimony in favor of Mr. Rohrbough unless "the inconsistency represents only an effort ... to manufacture a sham issue of fact." *Roberts v. Park Nicollet Health Servs.*,

---

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

528 F.3d 1123, 1126-27 (8th Cir. 2008). The district court believed that any contradictions in Mr. Rohrbough's testimony were attributable to his mental condition, and the defendants have not shown that the testimony at issue was an effort by Mr. Rohrbough to manufacture nonexistent issues of fact rather than a by-product of his mental condition. We view all of the evidence in the light most favorable to Mr. Rohrbough, drawing all reasonable inferences in his favor. *See Burnham v. Ianni*, 119 F.3d 668, 673 (8th Cir. 1997) (en banc).

The evidence viewed favorably to Mr. Rohrbough reveals the following. A store owner approached Officers Hall and Kimble on the street and told them that a man had just created a disturbance in her optometry shop. The woman then identified Mr. Rohrbough to them as the man in question as Mr. Rohrbough walked away from the store. While Officer Kimble stayed with the woman, Officer Hall followed Mr. Rohrbough and instructed him to stop. Mr. Rohrbough turned and greeted Officer Hall. Mr. Rohrbough's arms were raised but he did not make a fist or assume a fighting stance. At this point, Officer Hall pushed Mr. Rohrbough. After Mr. Rohrbough returned the push, Officer Hall punched Mr. Rohrbough in the face; Officer Hall then pushed Mr. Rohrbough again, took him to the ground face down, landed on top of him, and handcuffed him. At this point, Officer Hall sat Mr. Rohrbough on the curb. According to Mr. Rohrbough, an unknown second officer then hit him several times with a club; Officer Hall attested, however, that no other officer was present. Although Mr. Rohrbough was arrested for disturbing the peace and resisting arrest, he was taken straight to the hospital and discharged three days later. Mr. Rohrbough suffered a subconjunctival hemorrhage on his left eye, orbital swelling, a fractured rib, and other lacerations.

The denial of summary judgment based on qualified immunity is immediately appealable, and we review it *de novo*. *See Sexton v. Martin*, 210 F.3d 905, 909 (8th Cir. 2000). Officer Hall is entitled to qualified immunity unless the evidence viewed favorably to Mr. Rohrbough supports a finding that Officer Hall's conduct

violated a constitutional right, and that constitutional right was so "clearly established" at the time of the alleged violation that a reasonable officer would have known that his conduct was unlawful. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001), *abrogated on other grounds by Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009). In *Pearson*, 129 S. Ct. at 818, the Supreme Court held that courts may address these two aspects of qualified immunity in the order most suited to the particular case.

Mr. Rohrbough has made a sufficient showing that Officer Hall used excessive force in violation of the fourth amendment. "Not every push or shove ... violates the Fourth Amendment," but force is excessive when the officers' actions are not "objectively reasonable in light of the facts and circumstances confronting them." *Graham v. Connor*, 490 U.S. 386, 396-97 (1989) (internal quotation marks and citations omitted); *see Kukla v. Hulm*, 310 F.3d 1046, 1050 (8th Cir. 2002). Objective reasonableness depends on the facts and circumstances of the case, " 'including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.' " *Mann v. Yarnell*, 497 F.3d 822, 825-26 (8th Cir. 2007) (quoting *Graham*, 490 U.S. at 394). "A court may also evaluate the extent of the suspect's injuries." *Mann*, 497 F.3d at 826.

Here, as we have said, Mr. Rohrbough attested that he responded to Officer Hall's instruction to stop by turning and greeting him. Mr. Rohrbough did not attempt to resist or evade arrest, and his actions did not pose an immediate threat to the safety of Officer Hall. Officer Hall initiated the physical confrontation by pushing Mr. Rohrbough; when Mr. Rohrbough pushed back, Officer Hall punched him in the face and wrestled him to the ground. Mr. Rohrbough sustained injuries to his eye, ribs, and face requiring him to spend three days in the hospital, and assuming the facts in the light most favorable to Mr. Rohrbough, as we must in the present procedural posture, a jury could conclude that these injuries resulted from Officer Hall's use of force and that the force was excessive, even given the fact that Mr. Rohrbough pushed

-4-

Officer Hall – a push that may have been *de minimis* or inconsequential. In other words, we believe that Mr. Rohrbough's evidence created genuine issues of material fact concerning whether the force used was "objectively reasonable in light of the facts and circumstances confronting" Officer Hall. *See Graham*, 490 U.S. at 397.

We think that our prior cases are clear that the matter of whether the constitutional right at issue was "clearly established" is a question of law for the court to decide. *See, e.g., Littrell v. Franklin*, 388 F.3d 578, 584-85 (8th Cir. 2004). We have explicitly held that in deciding this kind of case, the conduct "was either 'reasonabl[e] under settled law in the circumstances,' or it was not, and this is a determination of law." *Pace v. City of Des Moines*, 201 F.3d 1050, 1056 (8th Cir. 2000) (quoting *Hunter v. Bryant*, 502 U.S. 224, 228 (1991) (per curiam)). Although language from our recent case, *Nelson v. Correctional Medical Services*, No. 07-2481, 2009 WL 3151208, at *4 (8th Cir. Oct. 2, 2009) (en banc), seems to suggest that the question is one for a "reasonable factfinder," we went on in *Nelson* to determine the matter for ourselves, *id.* at *7-*10. We do not believe, then, that *Nelson*, in making an isolated reference to a "reasonable factfinder," intended to overrule our precedents establishing that qualified immunity is a question of law, an issue that we have previously described as "clear." *Littrell*, 388 F.3d at 584. Once the facts are established, "a court should always be able to determine as a matter of law whether or not an officer is eligible for qualified immunity – that is, whether or not the officer acted reasonably under settled law given the particular set of facts." *Pace*, 201 F.3d at 1056.

After careful consideration, we conclude that the constitutional right involved in this case was clearly established at the time of the alleged violation. The dispositive inquiry is whether "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 202. In other words, although "[t]he right to be free from excessive force is a clearly established right," *Guite v. Wright*, 147 F.3d 747, 750 (8th Cir. 1998), we must make

a "fact-intensive inquiry ... in light of the specific context of the case" to determine whether Officer Hall is entitled to qualified immunity. *Samuelson v. City of New Ulm*, 455 F.3d 871, 875 (8th Cir. 2006) (internal quotation marks and citations omitted). "There is no requirement that the very action in question has previously been held unlawful, but rather, in the light of pre-existing law the unlawfulness must be apparent." *Vaughn v. Ruoff*, 253 F.3d 1124, 1129 (8th Cir. 2001) (internal quotation marks and citations omitted).

The Supreme Court explained over three years before Mr. Rohrbough's arrest that the reasonableness of an officer's conduct when stopping or arresting a suspect depends, *inter alia*, on the crime's severity, the suspect's dangerousness, and the likelihood that the suspect will flee, *Graham*, 490 U.S. at 394, and these considerations all weigh in favor of Mr. Rohrbough: The complaint against him was that he was causing a disturbance and when Officer Hall told him to stop, he turned around and said, "Good morning, Officer." Although Mr. Rohrbough returned the officer's push, the severity of that reaction is a matter for the jury. A jury could conclude, for instance, that Mr. Rohrbough's push was *de minimis* or inconsequential, and so a reasonable officer, when faced with the present circumstances, would have known that responding by punching Mr. Rohrbough in the face, taking him to the ground face down, landing on top of him and thereby causing him serious injury was illegal. The district court therefore properly denied summary judgment based on qualified immunity.

We note that Officer Hall's account of what happened between him and Mr. Rohrbough differs significantly from the facts assumed for purposes of summary judgment. Summary judgment is not appropriate where, as here, a dispute remains regarding facts material to the qualified immunity issue. *Pace*, 201 F.3d at 1056. But Officer Hall may continue to assert qualified immunity at trial, where the factual issues will be resolved by a jury. *See Littrell*, 388 F.3d at 585-86.

In light of this outcome, Mr. Rohrbough's related failure to supervise claim against the Board is not "inextricably intertwined" with Officer Hall's interlocutory appeal because a resolution of the qualified immunity issue does not "necessarily resolve" the claim against the Board. *See Wright v. Rolette County*, 417 F.3d 879, 883-84 (8th Cir. 2005), *cert. denied*, 546 U.S. 1173 (2006). We accordingly do not have jurisdiction over that claim. *See id.*

Based on the foregoing, we affirm the district court's denial of qualified immunity to Officer Hall on the excessive force claim and dismiss the Board's appeal of the court's denial of summary judgment on the failure to supervise claim for lack of jurisdiction.

_____