BYE, Circuit Judge,
dissenting.
■ I disagree the officers are entitled to qualified immunity for the shooting of Michael Partlow. Instead, I believe a jury should determine whether the officers violated Partlow’s Fourth Amendment right to be free from excessive force. I therefore respectfully dissent from Part II.B. of the decision reversing the district court.
The officers argue, and the majority agrees, it is undisputed the officers perceived themselves to be in danger, and thus they were warranted in shooting Partlow. In determining whether there is any genuine factual dispute, this court is supposed to “view all of the evidence in the light most favorable to [Partlow], drawing all reasonable inferences in his favor.” Rohrbough v. Hall, 586 F.3d 582, 585 (8th Cir.2009). In addition, “[w]e are prohibited from weighing evidence or making credibility determinations at this stage.” Nance v. Sammis, 586 F.3d 604, 609 (8th Cir.2009).
The majority fails to consider the evidence in the light most favorable to Part-low and improperly makes credibility determinations. For example, the majority credits the officers’ testimony and announces, as if a non-disputed fact, that the officers observed Partlow move the gun and reasonably interpreted such movement as a threat. Partlow’s evidence, however, raises a question of fact regard *504 ing whether Partlow did, in fact, move the shotgun in a way which the officers could have reasonably perceived as threatening. While it is true an act taken on a mistaken perception or belief, if objectively reasonable, does not violate' the Fourth Amendment, if the mistaken perception or belief is not objectively reasonable, then a constitutional violation occurs. Krueger v. Fuhr, 991 F.2d 435, 439 (8th Cir.1993). Reasonableness is determined from the point of view of a reasonable officer in the situation, id., but the facts most favorable to Partlow demonstrate a question of fact remains whether a reasonable officer would have shot Partlow without warning.
A jury should determine whether it was objectively reasonable for the officers to have the allegedly-mistaken perception or belief Partlow posed an immediate threat to their safety, i.e., whether it was reasonable for the officers to believe Partlow was going to imminently shoot them. Evidence presented by Partlow indicates he was not threatening the officers; he was not holding the gun in a shooting position; he was talking on the phone rather than aiming the gun; he was turning his back to the officers at the time he exited the building; the officers were tactically hiding themselves; the officers failed to give Partlow any meaningful verbal warning before employing deadly force; Partlow responded to the officers by turning to place the gun on the ground rather than firing; and the most senior and experienced officer did not fire his weapon. Even given the fact Partlow was holding a gun, Partlow’s “evidence create[s] genuine issues of material fact concerning whether the force used was objectively reasonable in light of the facts and circumstances confronting [the officers].” Rohrbough, 586 F.3d at 586 (internal quotation marks omitted).
A jury should also determine whether a warning under these circumstances was feasible. Partlow has presented evidence showing the officers failed to warn Partlow of their presence and faded to meaningly warn Partlow they intended to shoot. An officer’s failure to assess the situation and give any feasible warning “adds to the unreasonableness” of an officer’s actions. Ngo v. Storlie, 495 F.3d 597, 603 (8th Cir.2007).
Because the officers’ actions are not protected by qualified immunity, I would affirm the district court.