# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 15-1815

———————————————

Brook Mallak

*Plaintiff - Appellee*

v.

City of Baxter; City of Brainerd; Cass County; Crow Wing County; City of Fridley; City of Little Falls; City of St. Cloud; City of Staples; Department of Public Safety of the State of Minnesota; Chad Visser, acting in his individual capacity as an Officer of the Baxter Police Department; Julie McCullough, acting in her individual capacity as an employee of the Brainerd Police Department; Joel Reed, acting in his individual capacity as an Officer of the Brainerd Police Department

*Defendant*s

Anthony Runde, acting in his individual capacity as an Officer of the Brainerd Police Department; Perry Jones, acting in his individual capacity as a Detective for the Fridley Police Department; David Darling, acting in his individual capacity as an Officer of the St. Cloud Police Department

*Defendants - Appellants*

Tyler Burke, acting in his individual capacity as an employee of the Crow Wing County Sheriff's Office; Amy Edberg, acting in her individual capacity as an employee of the Crow Wing County Sheriff's Department; Ryan Goff, acting in his individual capacity as a corrections officer for the Crow Wing County Sheriff's Office and in his individual capacity as an Officer of the City of Staples Police Department; Gary Gutenkauf, acting in his individual capacity as an Officer of the Crow Wing County Sheriff's Office; Ginger Heurung, acting in her individual capacity as a corrections officer for the Crow Wing County Sheriff's Office; Derek Lavoy, acting in his individual capacity as an investigator for the Crow Wing

County Sheriff's Office; Illissa Ramm, acting in her individual capacity as an Assistant County Attorney in the Crow Wing County Attorney's Office; Michael Tripplet, acting in his individual capacity as a corrections officer for the Crow Wing County Sheriff's Office; Karri Turcotte, acting in her individual capacity as an employee of the Crow Wing County Sheriff's Office; Jon Vukelich, acting in his individual capacity as a Sergeant of the Crow Wing County Sheriff's Office; Ryan Barnett, acting in his individual capacity as an employee of Central Minnesota Community Corrections; Dawn Chouinard, acting in her individual capacity as an employee of Central Minnesota Community Corrections; Shannon Wussow, acting in her individual capacity as an employee of Central Minnesota Community Corrections; Colleen Berens; Laura Johnson; Lori Lucas; Christine Madsen; Joan Smith; Central Minnesota Community Corrections; John and Jane Does (1-500), acting in their individual capacities as supervisors, officers, deputies, staff, investigators, employees or agents of the other law-enforcement agencies; Entity Does (1-50), including cities, counties, municipalities, and other entitites sited in Minnesota and federal departments and agencies

*Defendant*s

_____

No. 15-1819

_____

Brook Mallak

*Plaintiff - Appellee*

v.

City of Baxter; City of Brainerd; Cass County; Crow Wing County; City of Fridley; City of Little Falls; City of St. Cloud; City of Staples; Department of Public Safety of the State of Minnesota; Chad Visser, acting in his individual capacity as an Officer of the Baxter Police Department; Julie McCullough, acting in her individual capacity as an employee of the Brainerd Police Department; Joel Reed, acting in his individual capacity as an Officer of the Brainerd Police Department; Anthony Runde, acting in his individual capacity as an Officer of the Brainerd Police Department; Perry Jones, acting in his individual capacity as a

-2-

Detective for the Fridley Police Department; David Darling, acting in his individual capacity as an Officer of the St. Cloud Police Department; Tyler Burke, acting in his individual capacity as an employee of the Crow Wing County Sheriff's Office; Amy Edberg, acting in her individual capacity as an employee of the Crow Wing County Sheriff's Department

*Defendant*s

Ryan Goff, acting in his individual capacity as a corrections officer for the Crow Wing County Sheriff's Office and in his individual capacity as an Officer of the City of Staples Police Department

*Defendant - Appellant*

Gary Gutenkauf, acting in his individual capacity as an Officer of the Crow Wing County Sheriff's Office; Ginger Heurung, acting in her individual capacity as a corrections officer for the Crow Wing County Sheriff's Office; Derek Lavoy, acting in his individual capacity as an investigator for the Crow Wing County Sheriff's Office; Illissa Ramm, acting in her individual capacity as an Assistant County Attorney in the Crow Wing County Attorney's Office; Michael Tripplet, acting in his individual capacity as a corrections officer for the Crow Wing County Sheriff's Office; Karri Turcotte, acting in her individual capacity as an employee of the Crow Wing County Sheriff's Office; Jon Vukelich, acting in his individual capacity as a Sergeant of the Crow Wing County Sheriff's Office; Ryan Barnett, acting in his individual capacity as an employee of Central Minnesota Community Corrections; Dawn Chouinard, acting in her individual capacity as an employee of Central Minnesota Community Corrections; Shannon Wussow, acting in her individual capacity as an employee of Central Minnesota Community Corrections; Colleen Berens; Laura Johnson; Lori Lucas; Christine Madsen; Joan Smith; Central Minnesota Community Corrections; John and Jane Does (1-500), acting in their individual capacity as supervisors, officers, deputies, staff, investigators, employees or agents of the other law-enforcement agencies; Entity Does (1-50), including cities, counties, municipalities, and other entitites sited in Minnesota and federal departments and agencies

*Defendant*s
_____

-3-

Appeals from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: March 15, 2016
Filed: May 19, 2016

_____

Before MURPHY, BEAM, and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Brook Mallak sued various municipalities and their employees under the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. §§ 2721-25, alleging that these employees had accessed improperly her personal data on a number of occasions. The defendants moved for summary judgment based on qualified immunity. The district court[1] granted the motion with respect to some of the defendants, but it denied qualified immunity to those defendants for whom a genuine issue of fact remained regarding the purpose for which they accessed Mallak's data. The defendants denied qualified immunity now appeal that denial. We dismiss the appeal for lack of jurisdiction.

I.

The Minnesota Department of Vehicle Services ("DVS"), a division of the Department of Public Safety ("DPS"), maintains a database of information related to Minnesota drivers. This information includes each driver's name, date of birth,

_____

[1] The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

driver's license number, address, photograph, weight, height, social security number, health and disability information, and eye color.

Mallak is a practicing attorney in Brainerd and Little Falls, Minnesota. In 2013, Mallak requested from DPS an audit report of accesses of her driver's license information. This report revealed that Minnesota municipal and state personnel had accessed Mallak's information approximately 190 times between 2003 and 2012.

Mallak sued various counties and municipalities whose employees had accessed her data. She alleged that she had no interactions with law-enforcement personnel that would have justified the access of her personal information. As a result, she claimed, the accesses documented by the audit report violated her rights under the DPPA, the United States Constitution, and Minnesota's common-law right of privacy.

Prior to the ruling that resulted in the instant appeal, the district court ruled on several motions to dismiss Mallak's suit. The court dismissed all DPPA claims based on inquiries that occurred prior to a four-year statute-of-limitations period, as well as the constitutional and common-law claims. The court permitted Mallak to proceed with DPPA claims involving data accesses by five counties and six cities that occurred within the statute-of-limitations period. After an initial phase of discovery, these defendants moved for summary judgment on the basis of qualified immunity, which the district court granted in part and denied in part based on the evidence available with respect to each claim. The district court granted summary judgment to those officers who offered a definitive, uncontested, and permissible explanation for their accesses of Mallak's data.[2] However, the district court denied summary

_____

[2] For these accesses, the district court found no genuine dispute of material fact as to whether the access was related to one of Mallak's several interactions with law enforcement during the relevant time period.

judgment with respect to accesses by four law-enforcement officers: Officer Anthony Runde, Detective Perry Jones, Officer David Darling, and Officer Ryan Goff.

Officer Anthony Runde of the Brainerd Police Department accessed Mallak's data on September 8, 2009. Officer Runde's affidavit stated that he was "confident" that this access was in connection with a drug-related investigation of one of Mallak's associates. However, Officer Runde also knew Mallak because he had served with her on a DWI court team, from which Mallak had resigned one week prior to Officer Runde's access of her data.

Detective Perry Jones of the Fridley Police Department accessed Mallak's data on June 28, 2011. Like Officer Runde, Detective Jones suggested that he may have accessed Mallak's data in connection with the investigation of Mallak's associate. However, Detective Jones and Mallak attended high school together, and Jones previously had contacted Mallak to discuss legal matters.

Officer David Darling of the St. Cloud Police Department accessed Mallak's data on July 11, 2010. At the time of Officer Darling's inquiry, Mallak's child was on life support at a hospital in St. Cloud. Officer Darling explained in his affidavit that he could not remember his reason for accessing Mallak's information.

Officer Ryan Goff of the Staples Police Department accessed Mallak's data twice on December 6, 2010. The computer used for these accesses was at the Crow Wing County jail, where Officer Goff worked full time as a jailer. Mallak previously had served on two committees that met at the jail and also visited her clients there on occasion. However, Mallak maintains that she would not have been at the jail at the time of Officer Goff's accesses, nor would she have used the entrance that he claims to have been monitoring.

In the district court's judgment, a genuine issue of material fact remained as to whether the accesses of Mallak's data by these four officers were "for a purpose not permitted" under the DPPA. *See* 18 U.S.C. § 2724(a). According to the court, a grant of summary judgment with respect to these accesses was premature, particularly when Mallak had not yet had the opportunity to conduct meaningful discovery or take the officers' depositions. The defendants who were denied summary judgment appeal this ruling, arguing that the district court erred in finding they were not entitled to qualified immunity and that Mallak lacks standing to bring this suit.

II.

Qualified immunity shields a government official from liability unless his conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Because this entitlement constitutes an immunity from suit rather than merely a defense to liability, the Supreme Court "repeatedly ha[s] stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991). "When there is no dispute among the parties as to the relevant facts . . . a court should always be able to determine as a matter of law whether or not an officer is eligible for qualified immunity . . . ." *Pace v. City of Des Moines*, 201 F.3d 1050, 1056 (8th Cir. 2000). "We review *de novo* a district court's denial of summary judgment based on qualified immunity." *New v. Denver*, 787 F.3d 895, 899 (8th Cir. 2015).

An order denying qualified immunity can be immediately appealable despite the fact that it is interlocutory. *Cooper v. Martin*, 634 F.3d 477, 479-80 (8th Cir. 2011). As the Supreme Court made clear in *Johnson v. Jones*, however, our interlocutory jurisdiction is limited. 515 U.S. 304, 319-320 (1995). A defendant denied summary judgment based on qualified immunity may appeal the "purely legal issue" of "whether the facts alleged . . . support a claim of violation of clearly

established law." *Id.* at 313 (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 528 n.9 (1985)). However, a defendant "may not appeal a district court's summary judgment order [denying qualified immunity] insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." *Id.* at 319-320.

Decisions subsequent to *Johnson* have clarified that we may hear an appeal of an order denying qualified immunity where the record plainly forecloses the district court's finding of a material factual dispute. In *Scott v. Harris*, for example, the Supreme Court held that it had jurisdiction to review a district court's denial of qualified immunity because irrefutable video evidence resolved any factual disputes regarding the defendants' conduct. 550 U.S. 372, 378 (2007). Similarly, in *Plumhoff v. Rickard*, the Supreme Court held that it had jurisdiction to hear an appeal in which "the record conclusively disprove[d]" the plaintiff's proposed version of the events in question. 572 U.S. ---,134 S. Ct. 2012, 2021-22 (2014). As a result, the appeal presented "legal issues" that were "quite different from any purely factual issues that the trial court might confront if the case were tried." *Id.* at 2019.

Unlike in *Johnson* and *Plumhoff*, key factual questions in the present case are both material and disputed. Mallak contends that the officers' accesses of her data violated the DPPA, which prohibits the access and use of motor vehicle records "for a purpose not permitted" under the act. *See* 18 U.S.C. § 2724(a). According to Mallak, because she had no interactions with law enforcement related to these accesses of her information, the officers must have accessed her data for personal reasons unrelated to their official duties. The appellants do not dispute that accessing an individual's data to satisfy some personal interest constitutes a violation of clearly established law under the DPPA. Instead, they contend that Mallak failed to present evidence creating a factual dispute regarding whether the officers accessed her data for such an improper purpose.

Rather than "conclusively disprove[]" Mallak's claim, however, the record includes several facts indicating that each officer might have accessed her data for an improper purpose. *See Plumhoff*, 134 S. Ct. at 2021-22. For example, the record shows that Mallak may have had some prior relationship with several of the officers in this case. She attended high school with Officer Jones, and Officer Jones previously had contacted her for legal advice.[3] Mallak served on a DWI court team with Officer Runde, and Officer Runde accessed Mallak's data just one week after she resigned from this position. Mallak also visited clients and served on two steering committees at the jail where Officer Goff worked. In *McDonough v. Anoka County*, we explained that this type of "relationship with particular officers" could indicate that those officers had accessed an individual's data for an improper purpose. *See* 799 F.3d 931, 947 (8th Cir. 2015). *McDonough* also held that "a suspicious access pattern," such as an access "correspond[ing] with a significant event," could show that an officer had accessed DPS data inappropriately. *Id*. On the same day that Officer Darling of the St. Cloud police department accessed Mallak's data, Mallak's

---

[3] Officer Jones disputes whether accessing Mallak's data in order to contact her for legal advice would have constituted a violation of Mallak's "clearly established statutory or constitutional rights." *See Harlow*, 457 U.S. at 818. He notes that the DPPA permits officials to access data "for use in connection with" litigation. *See* 18 U.S.C. § 2721(b)(4). Not until 2013, Jones explains, did the Supreme Court hold that this provision does not permit officials to access data for use in private legal matters. *See Maracich v. Spears*, 570 U.S. ---, 133 S. Ct. 2191, 2209 (2013). Because this decision came well after his alleged access of Mallak's data, Jones argues, he would not have violated clearly established law by using information in connection with his personal legal affairs. Regardless of the merit of this argument, it is immaterial to the present appeal because the record does not foreclose the possibility that Jones contacted Mallak for some other impermissible purpose. Prior to addressing whether any given purpose violated clearly established law, a court must determine Officer Jones's actual purpose in accessing Mallak's data. The district court held that this question presented a material factual dispute, and under *Johnson* we cannot reevaluate that determination in the context of an interlocutory appeal. *See* 515 U.S. at 319-20.

son was admitted to a St. Cloud hospital and placed on life support. Officers investigating this event could have had a legitimate reason for accessing Mallak's data, but no one from the St. Cloud Police Department was part of that investigation.

In addition, as the district court noted, none of the officers offered a definitive explanation for why they accessed Mallak's data. Officer Goff stated that he may have accessed Mallak's information in order to permit her to enter the Crow Wing County jail, where Officer Goff worked as a jailer and where Mallak occasionally met with clients. Mallak, however, disputes that she visited the jail at the time of Officer Goff's accesses, and she points out that the procedure requiring officers to look up visitors' data was not in place when Officer Goff made these inquiries. Officer Jones stated that he "d[id] not recall" his reason for accessing Mallak's data, but he conceded that it was "possible [he] accessed her information with the intent of contacting [her] in connection with a legal matter." Similarly, neither Officer Runde nor Officer Darling could recall with certainty why they accessed Mallak's information.

The district court denied the defendants qualified immunity because it found that these facts gave rise to a genuine dispute regarding the officers' purposes in accessing Mallak's data, particularly as Mallak had not yet had the opportunity to take the officers' depositions in order to inquire further into the circumstances of their accesses. Under *Johnson*, we lack jurisdiction to reevaluate on interlocutory appeal the district court's determination that this question "sets forth a 'genuine' issue of fact for trial." *See* 515 U.S. at 319-20.

None of the applications of *Johnson* relied upon by the appellants leads us to a contrary conclusion. In *Lyons v. Vaught*, for example, we evaluated only the legal question of whether official conduct, as alleged in the plaintiff's complaint, constituted a violation of the First Amendment. 781 F.3d 958 (8th Cir. 2015). Similarly, in *Thompson v. King*, we acknowledged our jurisdiction to review the

appeal "only to the extent Appellants' qualified immunity arguments raise an issue of law." 730 F.3d 742, 746 (8th Cir. 2013). We then proceeded to assess whether, based on the facts established by the district court, the defendants had exhibited deliberate indifference to a detainee's medical needs. *Id.* at 746-49. Finally, in *New v. Denver*, we determined that none of the facts disputed in the district court were material to whether the defendant had a reasonable, good faith belief that he had probable cause to arrest the plaintiff—a question that we held was an issue of law. 787 F.3d at 900-01.

Unlike these cases, the appellants' entitlement to sovereign immunity hinges on factual questions regarding the circumstances under which they accessed Mallak's personal information. The record does not foreclose the possibility that the officers accessed Mallak's data for a purpose not permitted by the DPPA. We thus lack jurisdiction to reassess this factual dispute in the context of an interlocutory appeal. *See Johnson*, 515 U.S. at 319-20.

## IV.

For the foregoing reasons, we dismiss the appellants' appeal for lack of jurisdiction.[4]

———————————————

———————————————

[4] Because we lack jurisdiction over this appeal, we do not reach the appellants' argument that Mallak lacks standing to sue under the DPPA. *See Consul Gen. of Republic of Indonesia ex rel. Salom v. Bill's Rentals, Inc.*, 251 F.3d 718, 720 (8th Cir. 2001) (declining to address whether plaintiff had standing to bring suit after determining that plaintiff's interlocutory appeal contained a jurisdictional defect).