# United States Court of Appeals
## For the Eighth Circuit

_____

Nos. 14-3527, 14-3529, 14-3533, 14-3537,
14-3539, 14-3540, 14-3542, 14-3543, 14-3600

_____

Jessica Leah Kampschroer; Cory Patrick Kampschroer

*Plaintiffs - Appellees*

v.

Anoka County, et al.

*Defendants - Appellants*

_____

Appeals from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: December 15, 2015

_____

_____

No. 15-1488

_____

Patricia Mae Kerr Karasov

*Plaintiff - Appellee*

v.

City of Minneapolis

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: December 16, 2015

_____

Filed: September 1, 2016
[Published]

_____

Before WOLLMAN, LOKEN, and BYE, Circuit Judges.[1]

_____

PER CURIAM.

The Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. § 2724(a), provides that a person who knowingly obtains information from a motor vehicle record, for a purpose not permitted, is liable to the individual to whom the information pertains. Patricia Karasov and Jessica and Cory Kampschroer brought separate actions against various Minnesota cities, counties, and law enforcement entities alleging DPPA violations. In separate orders, the district court denied in part defendants' motions to dismiss, including claims by many defendants that they are entitled to qualified immunity. The City of Minneapolis appeals the denial of qualified immunity in the Karasov action, and numerous Minnesota counties appeal the denial of qualified immunity in the Kampschroers action. For oral argument and submission, we

_____

[1]This opinion is being filed by Judge Wollman and Judge Loken pursuant to 8th Cir. Rule 47E.

consolidated these appeals with numerous other appeals raising DPPA issues other than qualified immunity. We have now resolved those appeals in a single opinion, Tichich v. City of Bloomington, No. 14-3151 (8th Cir. September 1, 2016). In this opinion, we review the denials of qualified immunity *de novo* and affirm. Bradford v. Huckabee, 394 F.3d 1012, 1015 (8th Cir. 2005) (standard of review).

Appellants argue that they are entitled to qualified immunity because (1) the verb "obtain[]" in the DPPA does not impose liability on a public official who merely accesses and views a person's motor vehicle record, and (2) even if there is liability for such action, it was not clearly established at the time the information was accessed in these cases. We have jurisdiction to consider this issue of law in an interlocutory appeal, unlike the fact-intensive DPPA issues that precluded the interlocutory qualified immunity appeal in Mallak v. City of Baxter, 823 F.3d 441 (8th Cir. 2016).

After the parties briefed these appeals, we issued our decision in McDonough v. Anoka County, 799 F.3d 931 (8th Cir. 2015), cert. denied, 136 S. Ct. 2388 (2016), which squarely addressed this qualified immunity issue: "Because the meaning of 'obtain' in this context is unambiguous, . . . [defendants'] contention that qualified immunity applies to [their] conduct because the meaning of 'obtain' is unclear . . . fails." Id. at 944, n.6. We invited the parties in all the pending DPPA cases to submit supplemental briefs on a different issue -- how we should apply the "plausibility analysis" in our McDonough opinion to these appeals. Appellants did not take that opportunity to submit a brief arguing footnote 6 in McDonough does not govern their qualified immunity appeals. We conclude McDonough is controlling precedent. Our decision that the statutory term "obtain" is unambiguous controls appellants' additional argument that the rule of lenity entitles them to qualified immunity. See Maracich v. Spears, 133 S. Ct. 2191, 2209 (2013).

The orders of the district court denying appellants' motions to dismiss based on the defense of qualified immunity are affirmed.

_____