# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2565

_____

Willard Eugene Berry

*Plaintiff - Appellee*

v.

Brian Doss, SOD, NEACCC; Carol McFarlin, Counselor, NEACCC; Karen
Hardesty, Treatment Supervisor, NEACCC,

*Defendants - Appellants*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Jonesboro Division

_____

Submitted: April 12, 2018
Filed: August 20, 2018

_____

Before GRUENDER, MELLOY, and GRASZ, Circuit Judges.

_____

GRASZ, Circuit Judge.

William Berry, a former inmate at Northeast Arkansas Community Correction
Center ("NEACCC"), filed a *pro se* civil rights lawsuit under 42 U.S.C. § 1983
against several NEACCC officials, alleging they failed to protect him from sexual and

physical harassment, threats, and assault. The district court[1] denied the officials' motion for summary judgment, which included a qualified immunity defense. The officials filed an interlocutory appeal, arguing they are entitled to qualified immunity under their version of the facts. Because the officials' qualified immunity argument is, at its core, a factual dispute, we dismiss the appeal for lack of jurisdiction.

## I. Background

Berry was an inmate at NEACCC, a residential corrections facility in Osceola, Arkansas. He has since been transferred to a different facility and released from custody. Appellees Brian Doss, Carol McFarlin, and Karen Hardesty (collectively the "rehabilitation officials") all worked at NEACCC during Berry's time at the facility. Doss was the therapeutic community supervisor, McFarlin was a substance abuse counselor, and Hardesty was a treatment supervisor.

Acting *pro se*, Berry filed a verified complaint[2] against various NEACCC employees, including the rehabilitation officials, seeking injunctive and monetary relief. He later amended the complaint in response to a court order to provide greater specificity, but the amended complaint was not verified.

Berry alleged in his complaints that (1) he reported to the rehabilitation officials multiple instances between July and December of 2015 where other inmates physically and sexually harassed, threatened, and assaulted him, and (2) the

---

[1]The Honorable Brian S. Miller, Chief Judge, United States District Court for the Eastern District of Arkansas, adopting the report and recommendation of the Honorable Beth Deere, United States Magistrate Judge for the Eastern District of Arkansas.

[2]The complaint was verified as Berry declared under penalty of perjury, see 18 U.S.C. § 1621, that his allegations were true and correct.

-2-

rehabilitation officials failed to protect him from harm. Berry alleged that Doss sanctioned Berry for making these reports, which included taking away his writing utensils for two weeks so that he could not report Doss's misconduct. Berry also alleged that in response to his complaints, Doss moved one of the allegedly abusive inmates into the same cell with Berry and this inmate ultimately hurt Berry.

The rehabilitation officials moved for summary judgment and filed a brief in support. However, only Doss submitted a supporting declaration. In this document, Doss explained that, after receiving a complaint ticket from Berry, he and other staff met with Berry on or about October 6, 2015. Doss declared that he and other rehabilitation officials advised Berry to promptly notify staff on duty if he experienced more threatening behavior. Doss also declared Berry agreed that his complaint was resolved. Finally, Doss stated that he was unaware of any other problems that Berry experienced while at NEACCC.

In their brief in support of summary judgment, the rehabilitation officials included a one paragraph argument asserting they were entitled to qualified immunity. They referenced the legal standard, cited *Saucier v. Katz*, 533 U.S. 194 (2001), and argued that, because there was no evidence they ignored Berry's complaint, they did not violate a clearly established Eighth Amendment right and thus were entitled to qualified immunity. Berry did not respond to the motion for summary judgment.

In a Report and Recommendation, the Magistrate Judge recommended granting summary judgment as to certain defendants and types of relief,[3] but denying the motion for summary judgment as to Berry's failure-to-protect claim against the rehabilitation officials.

---

[3]The Magistrate Judge recommended that Berry's claims for injunctive relief be dismissed as moot, his claims for money damages against officials in their official capacity be dismissed with prejudice, and his claim against Jeremy Sparks be dismissed without prejudice.

The Magistrate Judge reasoned there were important facts in dispute, specifically related to multiple alleged incidents of harassment and threats which Berry reported to the rehabilitation officials, and to which the rehabilitation officials failed to respond. As for Doss's declaration, the Magistrate Judge reasoned that it failed to prove the absence of material factual disputes because, contrary to the declaration, Berry claimed he did inform Doss about the other incidents. Even if the allegations in Doss's declaration were accepted as true, the Magistrate Judge reasoned, they failed to address what the other rehabilitation officials "did or did not know; what they did or did not do; what they did or did not say."

In a footnote, the Magistrate Judge rejected the rehabilitation officials' qualified immunity argument. Citing *Pagels v. Morrison*, 335 F.3d 736, 740 (8th Cir. 2003) and *Jackson v. Everett*, 140 F.3d 1149, 1151 (8th Cir. 1998), the Magistrate Judge explained "[t]he law was well established in 2015 . . . that a prison official could be held liable if he knew of a substantial risk of serious harm to an inmate (objective component), but disregarded, or was deliberatively indifferent to, the inmate's health or safety (subjective component)." Thus, the Magistrate Judge concluded that, assuming Berry's allegations were true, "a reasonable juror could conclude that [the rehabilitation officials] acted with deliberate disregard for his health and safety" and therefore qualified immunity was not appropriate on the current record.

After the district court adopted the Magistrate Judge's Report and Recommendation in its entirety, the rehabilitation officials filed a timely notice of interlocutory appeal.

## II. Discussion

On appeal, the rehabilitation officials advance several related arguments in support of their claim that they are entitled to qualified immunity. They argue their

meeting with Berry in October 2015, after which Berry indicated the situation was resolved, "was an objectively reasonable response" to the complaint they received. As to the other complaints of harassment made by Berry, the rehabilitation officials maintain that because Berry failed to respond to the summary judgment motion, it was error for the district court to "fail[] to credit the unrebutted proof demonstrating that [they] lacked actual knowledge of any threat of serious harm to Berry." Thus, the rehabilitation officials argue they "did not violate any clearly established rights" because "[n]o controlling authority would have caused reasonable officials in [their] positions to understand that the constitution required that they do more to protect an inmate from harm after the inmate himself declared that his issues were resolved."

We begin, as we must, by determining whether we have jurisdiction over this appeal. Our jurisdiction to consider an appeal of an order denying summary judgment based on qualified immunity is limited to "'the purely legal issue' of 'whether the facts . . . alleged support a claim of violation of clearly established law.'" *Mallak v. City of Baxter*, 823 F.3d 441, 445–46 (8th Cir. 2016) (quoting *Johnson v. Jones*, 515 U.S. 304, 313 (1995)) (omission in original).

"[A] defendant 'may not appeal a district court's summary judgment order [denying qualified immunity] insofar as that order determines whether or not the pretrial record sets forth a "genuine" issue of fact for trial.'" *Id.* at 446 (quoting *Johnson*, 515 U.S. at 319–20) (second alteration in original). Simply put, we do "not have jurisdiction to consider the appeal if 'at the heart of the argument is a dispute of fact.'" *Austin v. Long*, 779 F.3d 522, 524 (8th Cir. 2015) (quoting *Pace v. City of Des Moines*, 201 F.3d 1050, 1053 (8th Cir. 2000)).

Moreover, defendants that have been denied qualified immunity cannot create appellate jurisdiction by using qualified immunity verbiage to cloak factual disputes as a legal issue. *See id.* This is true because we are obligated to look beyond their characterization of the issue to "determine whether [they are] simply arguing that the

plaintiff offered insufficient evidence to create a material issue of fact." *Id.* (quoting *White v. McKinley*, 519 F.3d 806, 813 (8th Cir. 2008)).

Here, the rehabilitation officials' arguments hinge on substantive factual disputes such as the extent and magnitude of harassment and threats experienced by Berry, the degree to which the correction officials knew of the harassment and threats, and whether (and how) they sought to protect him. For us to reach their "legal" argument that they responded reasonably and did not violate clearly established law, we would have to cast aside the district court's factual presumptions, analyze the factual record, and resolve genuine factual disputes against the non-moving party. Such review exceeds our jurisdiction. *See Raines v. Counseling Assocs. Inc.*, 883 F.3d 1071, 1075 (8th Cir. 2017) (holding there was no jurisdiction where there "was a key factual question" in dispute which prevented resolution of the legal issue of whether the appellant's "conduct constitute[d] a violation of clearly established law"); *Mallak*, 823 F.3d at 448 (concluding there was no jurisdiction to consider an immunity argument that "hinge[d] on factual questions regarding the circumstances" of their alleged behavior).

We have recognized an exception to this jurisdictional bar "where the record plainly forecloses the district court's finding of a material factual dispute." *Raines*, 883 F.3d at 1074 (quoting *Mallak*, 823 F.3d at 446). But the record here does not justify use of this exception. We disagree with the rehabilitation officials' assertion that the district court was *required* to accept Doss's account as true because Berry did not file a response to their motion for summary judgment. The district court relied on Berry's complaints as evidence to conclude there were material issues of fact in dispute as to whether and how the officials responded to Berry's multiple complaints of physical and sexual harassment. This was proper to the extent those allegations were made in Berry's original verified complaint. *See Ward v. Moore*, 414 F.3d 968, 970 (8th Cir. 2005) (providing a verified complaint made under threat of perjury "is the equivalent of an affidavit and can serve as [a plaintiff's] response to [a]

defendant's summary judgment motion under Federal Rule of Civil Procedure 56(e)"); *Spear v. Dayton's*, 733 F.2d 554, 555–56 (8th Cir. 1984) (providing that a *pro se* litigant who has filed a verified affidavit is not "under a duty to repeat this verified allegation in a new affidavit").

While Berry's filing of the amended complaint may have rendered his original complaint without legal effect *as a pleading*, *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000), it was still in the record and available for the district court to rely on for purposes of summary judgment as the equivalent to an affidavit. *See* Fed. R. Civ. P. 56(c)(3) (stating the court "may consider other materials in the record"); *Hafner v. Limoges*, No. 06-4039, 2008 WL 347683, at *2 (D.S.D. Feb. 5, 2008) (considering the initial verified complaint as evidence in support of opposition to summary judgment even though an unverified amended complaint was filed). There were enough factual allegations in the verified complaint to support the district court's finding of material factual disputes regarding whether the rehabilitation officials had notice of the harassment and threats, what they did or did not do to protect Berry, and whether their action or inaction led to Berry's harm. Because of this, we are not permitted to exceed our limited jurisdiction and reach the merits of the rehabilitation officials' arguments.

### III. Conclusion

Because there are disputes of fact at the heart of the rehabilitation officials' case, we dismiss this appeal for lack of jurisdiction.

_____