# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-2724
_____

Fredrick Ernest Graham

*Plaintiff - Appellee*

v.

St. Louis Metropolitan Police Department; Sgt. Scego Unknown; Det. Matthew Manley; Det. Unknown O'Toole; P.O. K. Castillo; Brandon Wyms; Shariste Grandberry

*Defendant*s

Det. Gregory Klipsch

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: April 16, 2019
Filed: August 13, 2019

_____

Before SMITH, Chief Judge, ARNOLD and KELLY, Circuit Judges.

_____

KELLY, Circuit Judge.

Fredrick Graham was arrested on September 3, 2014. He sued under 42 U.S.C. § 1983 for alleged Fourth and Fourteenth Amendment violations committed in

connection with that arrest. The district court[1] dismissed all claims except for Graham's claim that Detective Gregory Klipsch used excessive force in effectuating the arrest. Klipsch then sought summary judgment on the basis of qualified immunity, which the district court denied. Klipsch now appeals that order. We dismiss for lack of jurisdiction.

I

For the purposes of this appeal, "we accept as true the facts that the district court found were adequately supported, as well as the facts that the district court likely assumed, to the extent they are not 'blatantly contradicted by the record.'" Burnikel v. Fong, 886 F.3d 706, 709 (8th Cir. 2018) (quoting Thompson v. Murray, 800 F.3d 979, 983 (8th Cir. 2015)). Accordingly, we draw the following background facts from the district court's summary judgment opinion.

On the night in question, Klipsch and another officer were driving in an unmarked car when they saw Graham walking alone in the middle of a deserted street in a high crime area. Graham repeatedly looked over his shoulder, monitoring the officers' location, and pulled at his waistband. Klipsch believed, based on his experience, that Graham was attempting to conceal a weapon. Graham walked up to the front door of a house. The officers called out to him, identifying themselves as police officers, and asked him if he lived there. Graham gave inconsistent answers before running away from the house, throwing a pistol to the ground as he ran. The officers ran after him and ordered him to stop. Klipsch told Graham that if Graham did not stop running, then Klipsch would tase him. Graham kept running, and Klipsch tased him. Graham fell to the ground, incapacitated. He lost consciousness. At some

---

[1]The Honorable Audrey G. Fleissig, United States District Judge for the Eastern District of Missouri.

point, Klipsch tased him a second time. When Graham awoke he was on the ground and four or five officers were asking him questions.

The district court determined that the first time Klipsch tased Graham, Klipsch did not use unconstitutionally excessive force. However, it concluded that "there is a genuine issue of material fact as to whether Klipsch used excessive force in violation of [Graham's] constitutional rights by tasing him when he was on the ground after he was incapacitated" and it denied Klipsch summary judgment on the basis of qualified immunity. Klipsch appeals.

II

"An order denying qualified immunity can be immediately appealable despite the fact that it is interlocutory." Riggs v. Gibbs, 923 F.3d 518, 522 (8th Cir. 2019) (quoting Mallak v. City of Baxter, 823 F.3d 441, 445 (8th Cir. 2016)). "Our jurisdiction to consider an appeal of an order denying summary judgment on the basis of qualified immunity is limited to the purely legal issue of whether the facts alleged support a claim of violation of clearly established law." Id. at 522–23 (quoting Berry v. Doss, 900 F.3d 1017, 1021 (8th Cir. 2018)). Thus, "[i]f defendants are simply arguing that the plaintiff offered insufficient evidence to create a material issue of fact for trial, we lack jurisdiction." Id. at 523 (cleaned up).

Because Klipsch's arguments all rest on his contention that the district court erred in its determination that a genuine dispute of material fact exists as to whether Graham was incapacitated when he tased Graham a second time, we lack jurisdiction over this appeal. See Franklin v. Young, 790 F.3d 865, 867 (8th Cir. 2015). Klipsch argues the district court erred because it "gave no consideration to Klipsch's undisputed testimony that although Graham had been 'incapacitated' by his first taser burst, Graham was trying to get back up and continue to run until Klipsch tased him a second time." In doing so, Klipsch challenges the district court's determination that,

viewing the facts in the light most favorable to Graham, Graham was incapacitated when Klipsch tased him a second time. But this determination is not blatantly contradicted by the record, and analyzing the record to resolve the parties' dispute over the circumstances in which Graham was tased a second time is beyond our limited review. See Berry, 900 F.3d at 1021–22.

Accordingly, we dismiss for lack of jurisdiction.

_____