# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 20-1651

———————————————

Steven Taylor

*Plaintiff - Appellee*

v.

St. Louis Community College, also known as The Community College District of
St. Louis, St. Louis County, Missouri; Rodney Gee, in his individual and official capacity

*Defendant*s

Robert Caples, in his individual capacity

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

——————————

Submitted: January 13, 2021
Filed: July 1, 2021

——————————

Before SMITH, Chief Judge, KELLY and ERICKSON, Circuit Judges.

——————————

ERICKSON, Circuit Judge.

Steven Taylor alleges he was injured during the course of an arrest made by officer Robert Caples at a meeting of the St. Louis Community College Board (the "Board"). Caples moved for summary judgment claiming qualified immunity. The district court[1] denied his motion, and Caples filed this interlocutory appeal. Because material disputes of fact must be resolved before we can reach the legal argument of whether Caples's conduct violates clearly established law, we dismiss the appeal for lack of jurisdiction.

## I.  BACKGROUND

Taylor, at the times relevant to this appeal, was an adjunct professor at St. Louis Community College ("SLCC") and a union bargaining representative involved in ongoing labor negotiations with SLCC. Because of disruptions that occurred during a prior meeting held by the Board on labor-related issues, SLCC officials arranged for additional police officers to be present at the October 19, 2017, Board meeting. The Board also implemented new rules, including one that prohibited applause during the public comment portion of the meeting.

When audience members, including Taylor, began clapping, Board Vice Chair Rodney Gee reminded the audience of the no-clapping rule. Taylor then stood up and began to proceed down the center aisle towards the Board members, objecting that the rule had not been enforced when pro-Board members spoke. Taylor came to a stop halfway down the aisle, continuing to object. Gee repeatedly told Taylor to leave the room. Taylor did not leave, so Gee instructed Caples and Lieutenant Terri Buford, who were at the back of the meeting room, to ask Taylor to leave the room and ultimately directed them to "remove him from the room."

---

[1]The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

According to Taylor, Caples approached him from behind, neither identifying himself nor requesting him to leave. Caples then placed his left hand on Taylor's left side just above his hip, which Taylor perceived as a "bump." Taylor testified at his deposition that he instinctively took one step forward whereupon Caples violently yanked his jacket and pushed Taylor forward towards the Board's table. As both men came up the aisle in the direction of the Board's table, Taylor asserts Caples performed a leg sweep and forcefully drove Taylor face-first to the floor, injuring him. Caples then placed his knee between Taylor's shoulder blades and started to handcuff Taylor until Caples was directed by Lieutenant Buford to stop. Caples applied a transport wrist lock to walk Taylor out of the meeting room. A number of affidavits from individuals present at the meeting support Taylor's factual assertions. Caples, in contrast, disputes Taylor's portrayal of the events, asserting a video of the incident shows him approaching Taylor to escort Taylor out of the room when Taylor suddenly and voluntarily charged in the direction of the Board's table.

Taylor was arrested on suspicion of disturbing the peace and resisting arrest. The resisting charge was dismissed and the disturbance charge proceeded to trial. After Taylor was acquitted, he filed a civil rights action in state court. Defendants removed the case to federal court and moved to dismiss the complaint in its entirety. They were successful on all counts except the excessive force claim against Caples and a First Amendment claim challenging the no-clapping rule, the latter of which was disposed of on summary judgment. As to the excessive force claim, the district court denied Caples qualified immunity, finding (1) the video was inconclusive, and (2) the existence of a genuine dispute of material fact as to whether Caples was objectively reasonable in his use of force.

## II.   DISCUSSION

"The 'first and fundamental question' in an appeal from a denial of qualified immunity is that of jurisdiction." Thompson v. Murray, 800 F.3d 979, 982 (8th Cir.

2015) (quoting <u>Walton v. Dawson</u>, 752 F.3d 1109, 1115 (8th Cir. 2014)). In conducting an interlocutory review on an order denying qualified immunity, our jurisdiction is limited to the purely legal question of whether the conduct that the district court found was adequately supported in the record violated a clearly established federal right. <u>Thurmond v. Andrews</u>, 972 F.3d 1007, 1011 (8th Cir. 2020). We lack jurisdiction to review the denial of qualified immunity "if at the heart of the argument is a dispute of fact." <u>White v. McKinley</u>, 519 F.3d 806, 812–13 (8th Cir. 2008) (cleaned up). This means we "cannot review whether a factual dispute is genuine," <u>Sok Kong Tr. for Map Kong v. City of Burnsville</u>, 960 F.3d 985, 991 (8th Cir. 2020), nor can we review "which facts a party may, or may not, be able to prove at trial," <u>Johnson v. McCarver</u>, 942 F.3d 405, 409 (8th Cir. 2019) (quoting <u>Johnson v. Jones</u>, 515 U.S. 304, 313 (1995)).

An officer "cannot create appellate jurisdiction by using qualified immunity verbiage to cloak factual disputes as a legal issue." <u>Berry v. Doss</u>, 900 F.3d 1017, 1021 (8th Cir. 2018). We are required to look beyond the officer's characterization of the issue and consider whether the argument, instead of raising a legal issue, is simply a claim that "the plaintiff offered insufficient evidence to create a material issue of fact," which we lack jurisdiction to review. <u>Id.</u> (quoting <u>Austin v. Long</u>, 779 F.3d 522, 524 (8th Cir. 2015)).

Caples contends that "Taylor erratically charged Board members," therefore, his use of force was reasonable because an objective, reasonable officer could view Taylor's behavior as threatening. The problem with this argument is that the district court never found that "Taylor erratically charged Board members." It instead found the video inconclusive as to Caples's conduct immediately preceding his takedown of Taylor. Specifically, the court found that, while the video showed Caples attempting to grab Taylor's sport coat, it was unclear whether Taylor was pushed or moved forward of his own volition. The court, construing the facts in the light most

favorable to Taylor as it must, determined that Caples was not entitled to qualified immunity under those facts.

While we have exercised jurisdiction in qualified immunity cases when the record plainly forecloses the district court's finding of a material factual dispute, see Berry, 900 F.3d at 1021–22, we find nothing in this record, including the video, that clearly contradicts the district court's factual determinations or Taylor's assertion that Caples pushed him. Taylor's concession that he took an initial step away from Caples is neither inconsistent with Taylor's version of events nor dispositive.

The parties' inordinate focus on the facts pertaining to the takedown, both in the briefing and at oral argument, demonstrates that the heart of the arguments on appeal involves disputed facts. The views of the parties at the critical moments for an excessive force determination are irreconcilable. And the district court found the record on these critical moments to be inconclusive. The challenges Caples makes to the district court's conclusions regarding the sufficiency of the evidence and the genuineness of the factual disputes are conclusions that we have no jurisdiction to review. See Thompson, 800 F.3d at 983.

In order for us to reach Caples's "legal argument" that he responded reasonably and did not violate clearly established law, we would have to exceed our jurisdiction and cast aside the district court's factual findings, analyze the factual record, and resolve genuine factual disputes against the non-moving party. This we cannot do. See, e.g., Riggs v. Gibbs, 923 F.3d 518, 524 (8th Cir. 2019) (dismissing appeal of denial of qualified immunity because material disputes of fact were at the heart of the officers' appeal); Graham v. St. Louis Metro. Police Dep't, 933 F.3d 1007, 1009 (8th Cir. 2019) (dismissing appeal of denial of qualified immunity because the officer's arguments rest on his contention that the district court erred in its determination that a genuine dispute of material fact existed); Berry, 900 F.3d at 1019 (dismissing appeal of denial of qualified immunity because the core of the officials' qualified

-5-

immunity argument was a factual dispute); <u>Franklin v. Young</u>, 790 F.3d 865, 867 (8th Cir. 2015) (dismissing appeal of denial of qualified immunity because the essence of the prison official's argument was that the district court erred in finding a genuine dispute of material fact).

## III.   CONCLUSION

Because material factual disputes that are incapable of being resolved on this record are at the heart of Caples's arguments, we dismiss Caples's appeal for lack of jurisdiction.

_____