# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1618
_____

Sheck Mulbah

*Plaintiff - Appellee*

v.

Cody Jansen

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Southern

_____

Submitted: October 18, 2022
Filed: December 22, 2022

_____

Before COLLOTON, KELLY, and KOBES, Circuit Judges.

_____

KOBES, Circuit Judge.

Cody Jansen, a South Dakota Highway Patrol trooper, stopped Sheck Mulbah for speeding. Mulbah sued Jansen under 42 U.S.C. § 1983, alleging, among other things, that Jansen pulled him over without probable cause. The district court[1]

---

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

denied Jansen summary judgment and qualified immunity on Mulbah's unlawful stop claim. We dismiss Jansen's appeal for lack of jurisdiction.

## I.

Jansen observed a white van traveling on an interstate outside of Sioux Falls, South Dakota. Jansen testified that he used his radar, which showed that the van was doing ten miles over the speed limit.

After stopping the van, Jansen told the driver, Mulbah, that he was speeding. After giving Jansen his driver's license and papers, Mulbah went with Jansen to the police car. While Jansen processed Mulbah's information, Jansen asked Mulbah about his travels. Jansen then got consent to search the van. The search was fruitless, Jansen gave Mulbah a warning, and then Mulbah drove off.

Mulbah sued Jansen under § 1983, alleging that Jansen unlawfully: (1) stopped him without probable cause; (2) prolonged the stop; and (3) searched the van. The parties filed cross motions for summary judgment. The district court granted summary judgment to Jansen on Mulbah's second and third claims but denied Jansen summary judgment and qualified immunity on Mulbah's unlawful stop allegation. The district court found a genuine dispute of material fact about whether there was probable cause to stop the van and also found the law governing the stop was clearly established. Jansen appeals, arguing that he is entitled to qualified immunity.

## II.

Our analysis begins and ends with jurisdiction. On an interlocutory appeal from an order denying qualified immunity, we do not have "jurisdiction to review a district court's denial of qualified immunity . . . simply because we disagree with the district court as to whether there is sufficient evidence to conclude a material fact is genuinely in dispute." *Thompson v. Dill*, 930 F.3d 1008, 1012 (8th Cir. 2019). And

we may not decide "which facts a party may, or may not, be able to prove at trial." *Johnson v. McCarver*, 942 F.3d 405, 409 (8th Cir. 2019) (quoting *Johnson v. Jones*, 515 U.S. 304, 313 (1995)).

Jansen argues that we can review the materiality of Mulbah's speed. *See Sok Kong v. City of Burnsville*, 960 F.3d 985, 991 (8th Cir. 2020) (noting that we "may review the purely legal question whether a factual dispute is material"). He maintains that it is immaterial, for qualified immunity purposes, whether Mulbah sped. What matters, he says, is whether he objectively and reasonably believed Mulbah violated the law. *See Garcia v. City of New Hope*, 984 F.3d 655, 664–65 (8th Cir. 2021) (explaining that "qualified immunity does not depend on whether" a driver broke the law; "rather, the key is [the officer's] *objectively reasonable beliefs* under the circumstances" (cleaned up)). Because Jansen said he reasonably relied on his radar reading, Jansen insists that the stop was lawful. *See United States v. Fuehrer*, 844 F.3d 767, 772 (8th Cir. 2016). *See generally United States v. Mendoza*, 677 F.3d 822, 827 (8th Cir. 2012) ("When the police observe the driver of a vehicle commit a traffic violation, even a minor one, probable cause exists to stop the vehicle."). In any case, Jansen argues that we at least have jurisdiction to assess whether his actions violated clearly established law. *See Taylor v. St. Louis Cmty. Coll.*, 2 F.4th 1124, 1126–27 (8th Cir. 2021).

Jansen testified that he clocked Mulbah going ten miles over the speed limit. Mulbah insisted that he was not speeding. The district court found this to be a genuine dispute of material fact about whether Jansen lawfully stopped Mulbah. The court inferred from Mulbah's testimony that:

> [A] jury could find that Mulbah was not in fact speeding, that Jansen did not utilize his radar gun on Mulbah's vehicle, that Jansen's radar gun reflected the speed of a vehicle other than Mulbah's, or that Jansen's radar gun indicated that Mulbah was not in fact speeding, but Jansen stopped Mulbah and lied to him about his speed.

Whatever our views on this inference, we lack jurisdiction to review the court's factual assumptions. Jansen's jurisdictional arguments are "based on facts not assumed by the district court." *Torres v. City of St. Louis*, 39 F.4th 494, 504 (8th Cir. 2022). Jansen's claim that Mulbah's speed is immaterial for qualified immunity purposes assumes that Jansen used radar, clocked Mulbah's van, and clocked Mulbah over the speed limit. But the district court did not assume these facts, which are material to whether Jansen reasonably believed Mulbah broke the law. Similarly, to determine whether Jansen violated clearly established law, we need to know what happened. Because the factual record—as assumed by the district court—is unsettled and disputed, we lack jurisdiction to go further. *See id.* ("[W]e would have to . . . cast aside the district court's factual findings, analyze the factual record, and resolve genuine factual disputes against the non-moving party," which "we cannot do." (citation omitted)); *Taylor*, 2 F.4th at 1127; *Berry v. Doss*, 900 F.3d 1017, 1021 (8th Cir. 2018).

"[W]e may hear an appeal of an order denying qualified immunity where the record plainly forecloses the district court's finding of a material factual dispute." *Mallak v. City of Baxter*, 823 F.3d 441, 446 (8th Cir. 2016). Here, the record does not help Jansen. We do not have video or digital recordings of Jansen's radar, *cf. Scott v. Harris*, 550 U.S. 372, 378 (2007), and Jansen's testimony does not "conclusively disprove[ ]" the version of events that are most favorable to Mulbah, *cf. Plumhoff v. Rickard*, 572 U.S. 765, 777 (2014). We cannot revisit the district court's factual assumptions. *See Graham v. St. Louis Metro. Police Dep't*, 933 F.3d 1007, 1009 (8th Cir. 2019); *Thompson*, 930 F.3d at 1014.

III.

We dismiss for lack of jurisdiction.

_____