# United States Court of Appeals
### For the Eighth Circuit
_____

No. 23-2753
_____

William O. Evans, Jr., as Trustee for the Heirs and
Next-of-Kin for Benjamin Evans

*Plaintiff - Appellee*

v.

Brian Jeffery Krook, individually and in his official capacity as
a Deputy for Washington County Sheriff's Office

*Defendant - Appellant*

Michelle Folendorf, individually and in her official capacity as a Deputy for
Washington County Sheriff's Office; Joshua John Ramirez, individually and in his
official capacity as a Deputy for Washington County Sheriff's Office;
Michael Ramos, individually and in his official capacity as a Deputy for
Washington County Sheriff's Office; Dan Starry, individually and in his official
capacity as a Deputy for Washington County Sheriff's Office;
Washington County, as a political subdivision of the State of Minnesota

*Defendant*s
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: March 14, 2024
Filed: July 3, 2024
[Published]
_____

Before GRUENDER, SHEPHERD, and GRASZ, Circuit Judges.
_____

PER CURIAM.

On April 12, 2018, Benjamin Evans knelt in a crosswalk in Lake Elmo, Minnesota, with a loaded gun pointing toward his own head. After about forty minutes of negotiations with multiple officers on the scene, Police Deputy Brian Krook shot Evans multiple times, killing him. In a criminal trial, a jury acquitted Krook of a second-degree manslaughter charge for killing Evans. Evans' father, William O. Evans, Jr., then sued Krook civilly under 42 U.S.C. § 1983, alleging excessive force in violation of the Fourth Amendment.

Krook moved for summary judgment based on qualified immunity. Qualified immunity is unavailable as a defense when an officer uses deadly force against someone who does not pose an "immediate threat of serious physical harm to another." *Cole v. Hutchins*, 959 F.3d 1127, 1134 (8th Cir. 2020). "[A] person does not pose an immediate threat of serious physical harm to another when, although the person is in possession of a gun, he does not point it at another or wield it in an otherwise menacing fashion." *Id.* The district court denied Krook's motion due to material fact disputes, explaining "there are genuine factual disputes over whether Evans' gun was ever pointed at the officers and whether Evans otherwise posed an immediate threat to them[.]" In this interlocutory appeal, Krook challenges the order denying qualified immunity.

The first question in an appeal from denial of qualified immunity is that of jurisdiction, as we do not have "jurisdiction to review the district court's determination regarding evidence sufficiency—*i.e.*, what facts a party may or may not be able to prove at trial." *Thompson v. Murray*, 800 F.3d 979, 982–83 (8th Cir. 2015). "[O]ur jurisdiction is limited to the purely legal question of whether the conduct that the district court found was adequately supported in the record violated a clearly established federal right." *Taylor v. St. Louis Cmty. Coll.*, 2 F.4th 1124,

1126–27 (8th Cir. 2021). Here, the availability of qualified immunity turns on whether Krook acted reasonably under the circumstances by shooting Evans because Evans either pointed his gun at another or otherwise wielded his gun in a "menacing fashion." *See Cole*, 959 F.3d at 1134. The district court noted that it is "undisputed that Evans never took direct aim at Krook or anyone else . . . ." Krook claims the shooting was constitutionally reasonable because Evans' gun was pointed in the direction of the officers (through Evans' own head) when Evans turned his head. Krook argues his appeal thus involves a dispute regarding the legal question of whether clearly established law forbid the "use of deadly force against a non-compliant suicidal person" under these circumstances. In this situation, we must "look beyond the officer's characterization of the issue" and decide if the officer is simply claiming the plaintiff lacks sufficient evidence to create a material issue of fact, "which we lack jurisdiction to review." *Taylor*, 2 F.4th at 1127. "[A]n officer 'cannot create appellate jurisdiction by using qualified immunity verbiage to cloak factual disputes as a legal issue.'" *Id.* (quoting *Berry v. Doss*, 900 F.3d 1017, 1021 (8th Cir. 2018)).

Here, the inconclusive nighttime videos of Evans' actions did not clearly contradict the district court's factual determinations, so analyzing the record to resolve the underlying factual dispute is beyond our limited review. *See Graham v. St. Louis Metro. Police Dep't,* 933 F.3d 1007, 1009 (8th Cir. 2019). For us to reach Krook's "legal argument" that he "responded reasonably and did not violate clearly established law, we would have to exceed our jurisdiction and cast aside the district court's factual finding[], analyze the factual record, and resolve [a] genuine factual dispute[] against the non-moving party. This we cannot do." *See Taylor*, 2 F.4th at 1127. Therefore, we dismiss this appeal because we lack the jurisdiction to resolve it.

_____