# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-1216

_____

Tamala J. Jones, Personally, and as the Administratrix of the Estate of Tramon Tyqueze Savage

*Plaintiff - Appellee*

v.

Logan K. Kulesa; Shawn M. Jones

*Defendants - Appellants*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central

_____

Submitted: January 14, 2026
Filed: June 18, 2026

_____

Before SHEPHERD, KELLY, and STRAS, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Tamala Jones initiated this 42 U.S.C. § 1983 action personally and in her capacity as the administrator of the estate of her deceased son, Tramon Savage, against Jacksonville, Arkansas, police officers Logan Kulesa and Shawn Jones and the City of Jacksonville. Jones brought suit after Savage died from gunshot wounds he sustained during an incident involving Officers Kulesa and Jones. As relevant to

this appeal, Officers Kulesa and Jones moved for summary judgment on Tamala Jones's excessive force claim based on qualified immunity, which the district court[1] denied. Officers Kulesa and Jones filed this interlocutory appeal challenging the denial of qualified immunity. However, because the heart of their arguments involves material factual disputes that exceed the scope of our review, we dismiss this appeal for lack of jurisdiction.

I.

On the evening of June 13, 2019, Jacksonville police officers responded to a call of a burglary in progress at a local car dealership. Officer Kulesa arrived first on the scene, where he spoke with members of the dealership cleaning crew who reported that an unauthorized individual was in the building. Officer Kulesa walked around the property and ultimately located the unauthorized individual, later identified as Savage, in the service department. Officer Kulesa observed Savage, who was shirtless and attempting to start several vehicles. Officer Jones arrived on the scene with two other officers and joined Officer Kulesa at the service department. Officer Kulesa observed Savage attempting to start a truck, walking over to the bay door, and pushing the button to raise the door before returning to the truck. Officers Jones and Kulesa walked through the open bay door, announcing themselves as Jacksonville police officers before entering and continuing into the service area with their weapons drawn. Officer Kulesa approached the driver's side of the vehicle and Officer Jones approached the passenger's side; both officers shouted multiple times for Savage to stop and show his hands. Savage did not comply with their commands and drove the truck forward toward the open service bay door. As Savage continued to drive forward, Officers Kulesa and Jones both began firing their handguns at the truck. The truck continued forward until it crashed into the storage bay wall, where it came to a rest. Officer Kulesa continued firing his weapon into the truck after it came to a stop; he later testified that he observed Savage leaning down toward the

[1]The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas.

passenger seat floorboard and believed Savage was reaching for something. Officer Kulesa fired until he ran out of bullets; both officers fired all shots in under five seconds. The officers then approached the vehicle, determined that Savage was suffering from gunshot wounds, radioed for an ambulance, and began administering medical aid. Savage died from these injuries later that same day.

Savage's mother initiated this action, asserting, as relevant to this appeal, an excessive force claim, pursuant to 42 U.S.C. § 1983, and state law claims for wrongful death and survival against Officers Kulesa and Jones.[2] The officers moved for summary judgment on these claims, asserting that they were entitled to qualified immunity. The district court denied qualified immunity on the excessive force claim, concluding that "there are genuine disputes of fact that must be resolved by a jury which preclude summary judgment based on qualified immunity." The district court concluded that "whether it was objectively reasonable for the officers to believe that Savage posed a serious and immediate threat after the truck passed them, struck a wall, and came to a stop is in dispute," noting that qualified immunity is inappropriate where the record does not conclusively establish the lawfulness of an officer's use of force. The district court also noted that, in addition to the factual disputes about the reasonableness of the officers' use of force, "the jury must also determine whether it was Kulesa or Jones, or both, who effectuated the seizure on Savage." As to the state law claims, the district court denied qualified immunity for the same reasons as the excessive force claim, noting that qualified immunity under Arkansas law mirrors its federal counterpart and thus relies on the same principles as federal law. This appeal follows.

---

[2]Savage's mother also asserted a municipal liability claim, pursuant to Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978), against the city of Jacksonville, and the district court granted summary judgment in favor of the City on this claim. This ruling is not at issue in this interlocutory appeal.

II.

Officers Kulesa and Jones assert that the district court erred in denying them qualified immunity because "[n]o fact in this case is in dispute," and "[t]he video evidence as to what occurred which formed the basis for Ofc. Jones and Ofc. Kulesa's justification to use deadly force is clear and therefore cannot be disputed." According to the officers, they are entitled to qualified immunity on the excessive force claim because, "at the moment the force was used they both had probable cause to believe that Mr. Savage posed a threat of serious physical harm, either to the officers or others," and there is no case law demonstrating that the officers' use of force in these circumstances violated clearly established law. Further, the officers assert they are entitled to qualified immunity on the state law claims for these same reasons.

"The 'first and fundamental question' in an appeal from a denial of qualified immunity is that of jurisdiction." Taylor v. St. Louis Cmty. Coll., 2 F.4th 1124, 1126 (8th Cir. 2021) (citation omitted). In reviewing "a qualified immunity determination on an interlocutory appeal, 'our jurisdiction is limited to the purely legal question of whether the conduct that the district court found was adequately supported in the record violated a clearly established federal right.'" Torres v. City of St. Louis, 39 F.4th 494, 502 (8th Cir. 2022) (citations omitted). "We lack jurisdiction to review the denial of qualified immunity 'if at the heart of the argument is a dispute of fact.' This means we 'cannot review whether a factual dispute is genuine,' nor can we review 'which facts a party may, or may not, be able to prove at trial.'" Taylor, 2 F.4th at 1127 (citations omitted). "However, '[t]here is one exception to such a jurisdictional limitation on our review: we may reject the district court's factual findings to the extent that they are "blatantly contradicted by the record."'" Z.J. by & through Jones v. Kansas City Bd. of Police Comm'rs, 931 F.3d 672, 680 (8th Cir. 2019) (alteration in original) (citation omitted).

The officers' arguments on appeal raise, at their heart, factual disputes which are beyond the scope of our jurisdiction. The district court concluded that it was

disputed whether it was objectively reasonable for the officers to believe that Savage posed an immediate and serious threat to them after the truck passed them, struck the wall, and came to a stop. On appeal, the officers assert that, at the moment they used deadly force, they had probable cause to believe Savage posed a threat of serious physical harm. The risk Savage posed to the officers, no matter how they try to couch it, is a factual dispute that we cannot review. See Taylor, 2 F.4th at 1127 ("An officer 'cannot create appellate jurisdiction by using qualified immunity verbiage to cloak factual disputes as a legal issue.' We are required to look beyond the officer's characterization of the issue and consider whether the argument, instead of raising a legal issue, is simply a claim that 'the plaintiff offered insufficient evidence to create a material issue of fact,' which we lack jurisdiction to review." (citations omitted)).

Attempting to evade this barrier to our jurisdiction, the officers assert that there are no disputed facts in this case because the video evidence of the incident clearly shows the events that formed the basis of the officers' decision to use lethal force. However, we may reject the district court's recitation of the facts only to the extent that they are "blatantly contradicted by the record," Z.J., 931 F.3d at 680 (citation omitted), and the videos do not meet this high standard. The videos of the incident reveal a rapidly evolving event where the officers fired multiple shots within a span of five seconds from positions on either side of a vehicle slowly moving toward an open exit. The videos do not blatantly contradict the district court's determination that factual disputes remain about whether Savage posed an immediate and serious threat, particularly after the truck hit the wall and came to a stop. Resolving the inquiry into whether the officers had probable cause to believe Savage posed a threat of serious physical harm would require us to "cast aside the district court's factual findings, analyze the factual record, and resolve genuine factual disputes against the non-moving party. This we cannot do." Taylor, 2 F.4th at 1127. Because this interlocutory appeal of qualified immunity advances factual arguments beyond the scope of our jurisdiction, we must dismiss this appeal.

## III.

For the foregoing reasons, we dismiss this appeal for lack of jurisdiction.

_____